MAXWELL & DOWNS v. GIBBS *et al.*

1. **Instruction:** ERROR WITHOUT PREJUDICE. An error in an instruction which is fully cured by a subsequent one, furnishes no ground for reversal.

2. **Partnership:** ESTOPPEL. Parties who hold themselves out to the world as partners, are estopped from denying the partnership.

*Appeal from Bremer Circuit Court.*

FRIDAY, JUNE 23.

ORDINARY action against the defendants as partners to recover damages for careless and unreasonable driving of a pair of horses and buggy, let by plaintiff to defendants, under a special agreement, whereby one horse was killed, the other injured and the buggy badly damaged. The defendants deny the partnership and all the averments of the petition. Trial to a jury; verdict and judgment for plaintiff, and the defendants appeal.

*Powers & Hemenway* for the appellants.

*A. Converse* for the appellees.

COLE, J. — The only questions made in the case arise upon the instructions; it being conceded that under the

1. INSTRUC- conflicting testimony in the case, the jury
TION: error
without pre- might reasonably find the contract and claim
judice.
as stated by the plaintiffs.

The court refused to instruct the jury " that the plaintiffs cannot recover unless they have proved the agreement as alleged in the petition ; and, having alleged a special contract of bailment, cannot recover upon any other." This refusal is assigned as error. If it was error to refuse it, the error was abundantly cured by the giving of the subsequent instructions. For instance, the court did, in the second paragraph, instruct the jury " that the burden of proof of the issue is upon the plaintiffs, and they cannot recover unless they *have sustained the allegations of the petition* by a preponderance of the proof."

The defendants also asked the court to instruct the jury " that they were not liable unless plaintiffs have shown

2. PARTNER-
SHIP: estop-
pel.

that the agreement in relation to the team was made by the defendants as copartners." The court modified it by adding, " that if they held themselves out to the world as partners, and the team was hired under such circumstances as to lead plaintiffs to believe them such, they would be estopped from denying the partnership." It does not appear to us that any agreement or citation of authorities is necessary to establish the correctness of the modification. The proposition is sound and elemental.

Again, the defendants asked the court to instruct the jury, " if the horse died of disease, the defendants are not liable ;" which the court modified and gave, by adding, " unless the disease was produced by their wrongful act." Surely there was no error in this.

In view of the pleadings and the conceded proofs (the evidence is not in the record), we see no error or conflict in the instructions of the court, or in any of the rulings.

·Affirmed.·