THOMAS CURRAN v. PETER OLSON and Another.[1]

January 16, 1903.

Nos. 13,249—(202).

**Negligence of Saloon Keeper.**
> The plaintiff was injured in the saloon of the defendants by a third party pouring alcohol on his foot while he was asleep, and then setting it on fire. This is an action to recover damages for injuries caused thereby. *Held*, that the defendants were bound to use reasonable care to protect the plaintiff, as their guest, from injury at the hands of vicious and lawless persons whom they permitted to be in their saloon.

**Verdict Sustained by Evidence.**
> The evidence sustains the verdict, to the effect that the defendants were guilty of negligence in the premises, and that the plaintiff was not.

Appeal by defendants from an order of the district court for Polk county, Watts, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*J. A. Sorley* and *F. C. Massee,* for appellants.

*H. A. Bronson,* for respondent.

START, C. J.

Action to recover damages for personal injuries sustained by the plaintiff while in the saloon of the defendants, by reason of their alleged negligence in failing to protect him from an assault by a vicious and lawless person whom they permitted to be in and about their saloon. The answer was a denial. Verdict for the plaintiff in the sum of $100, and the defendants appealed from an order denying their alternative motion for judgment or a new trial.

The question presented by the record is whether the verdict is sustained by the evidence. The defendants claim that it is not, because the evidence fails to show any negligence or wrong on their part, but that it does conclusively show that the plaintiff was guilty of contributory negligence. The evidence tends to show that the plaintiff for some days prior to his injury had been a

[1] Reported in 92 N. W. 1124.

guest and a patron of the defendant's saloon at East Grand Forks; that, having spent all of his money therein, he went on the night of February 10, 1902, into the saloon to sleep, and at about 1.30 a. m. he fell asleep in his chair; that a cook in a restaurant in the rear of the saloon, belonging to a third party, came into the saloon, got alcohol from the bartender in charge of the room, poured it upon the left foot of the plaintiff, and set it on fire, whereby he was seriously injured; and, further, that the bartender knew, or might have known by the exercise of the slightest care, what the alcohol was to be used for, and could have prevented the injury to the plaintiff. Neither of the defendants was present at the time.

The defendants were bound to use reasonable care to protect their guests and patrons from injury at the hands of vicious or lawless persons whom they knowingly permitted to be in and about their saloon. If they delegated this duty to their barkeeper, they are responsible for his negligence in the premises. Mastad v. Swedish Brethren, 83 Minn. 40, 85 N. W. 913. The evidence is ample to sustain a finding by the jury that the defendants were guilty of negligence which was the proximate cause of the plaintiff's injury.

The claim that the plaintiff was guilty of contributory negligence is based upon the facts that before the plaintiff was injured, and during the same night, the cook on two separate occasions came into the saloon, and, finding a guest asleep, got alcohol, poured it upon the feet of the sleeper, and then set fire to it; that the plaintiff witnessed the orgies, and laughed and joked with the other guests over the discomfiture of the sleepers, and said nothing to the bartender about it; that he stayed awake as long as he could, so that alcohol could not be put on his feet and fired, but he at last fell asleep. The great weight of the evidence is to the effect that the bartender not only knew of these two cases of brutality, but furnished the alcohol which the cook used. The evidence does not establish the contributory negligence of the plaintiff as a matter of law. The verdict is sustained by the evidence.

Order affirmed.