[No. 7573. Decided January 6, 1909.]

OTTO BEILKE, *Appellant*, v. JOHN CARROLL *et al.*,
*Respondents.*[1]

MASTER AND SERVANT—INJURIES TO THIRD PERSON BY SERVANT—
SCOPE OF EMPLOYMENT—INTOXICATING LIQUORS—DUTY TO KEEP
ORDERLY PLACE. Where the owners of a saloon left the same in
control of a bartender, they are liable in damages for the act of
the bartender in setting fire to alcohol which he had poured into
the shoe of a customer who had fallen asleep; since during the
absence of the owners the bartender represented them in their
duty to keep an orderly place.

Appeal from a judgment of the superior court for Pacific
county, Rice, J., entered July 2, 1908, in favor of the de-
fendant by direction of the court, after a trial before a jury,
in an action for personal injuries sustained through the wrong-
ful act of defendant's servant. Reversed.

*Chas. E. Miller*, for appellant, contended that a person
licensed to sell intoxicating liquors is bound to keep an or-
derly house, and he is liable in damages for the acts of dis-
orderly persons upon his premises, causing injury to another.
*State v. Constatine*, 43 Wash. 102, 86 Pac. 384. The de-
fendants were bound to use reasonable care to protect their
patrons. *George v. Gobey*, 128 Mass. 289, 35 Am. Rep. 376;
*Curran v. Olson*, 88 Minn. 307, 92 N. W. 1124, 97 Am. St.
517, 60 L. R. A. 733; *Rommel v. Schambacher*, 120 Pa. St.
579, 11 Atl. 779, 6 Am. St. 732. The defendants were liable
for the injury done plaintiff by their bartender in the use
of a dangerous agency placed by them in the latter's custody.
*Galveston etc. R. Co. v. Currie* (Tex.), 96 S. W. 1073; *Bar-
more v. Vicksburg etc. R. Co.*, 85 Miss. 426, 38 South. 210,
70 L. R. A. 627; *Cameron v. Kenyon-Connell Commercial Co.*,
22 Mont. 312, 56 Pac. 358, 74 Am. St. 602, 44 L. R. A.
508; *Pittsburgh etc. R. Co. v. Shields*, 47 Ohio St. 387, 24

[1]Reported in 98 Pac. 1119.

N. E. 658, 21 Am. St. 840, 8 L. R. A. 464; *Loop v. Litchfield*, 42 N. Y. 351, 1 Am. Rep. 543; *Salisbury v. Erie R. Co.*, 66 N. J. L. 233, 50 Atl. 117, 88 Am. St. 480, 55 L. R. A. 578; *Armstrong v. Cooley*, 10 Ill. 509; *Ellegard v. Ackland*, 43 Minn. 352, 45 N. W. 715; *Smith's Adm'x v. Middleton*, 112 Ky. 588, 66 S. W. 388, 99 Am. St. 308, 56 L. R. A. 484. A master is liable for the malicious acts of the servant towards a third person where the acts in themselves were a violation of the duty owed by the master to the party injured. *Southern R. Co. v. Chambers*, 126 Ga. 404, 55 S. E. 37, 7 L. R. A. (N. S.) 926; *New Ellerslie Fishing Club v. Stewart*, 29 Ky. Law 414, 93 S. W. 598; *Bergman v. Hendrickson*, 106 Wis. 434, 82 N. W. 304, 80 Am. St. 47; *Bowen v. Illinois Cent. R. Co.*, 136 Fed. 306; *Dickson v. Waldron*, 135 Ind. 507, 34 N. E. 506, 35 N. E. 1, 41 Am. St. 440, 24 L. R. A. 483; *Mallach v. Ridgley*, 9 N. Y. Supp. 922; *Collins v. Butler*, 83 App. Div. 12, 81 N. Y. Supp. 1074.

*Welsh, Welsh & O'Phelan*, for respondents. The defendants' saloon was not a disorderly house. *Hackney v. State*, 8 Ind. 494; *Commonwealth v. Cobb*, 120 Mass. 356; *State v. Williams*, 30 N. J. L. 102; *Thompson v. State*, 2 Tex. App. 82; *Beard v. State*, 71 Md. 275, 17 Atl. 1044, 17 Am. St. 536, 4 L. R. A. 675; 9 Am. & Eng. Ency. Law (2d ed.), p. 522; *Mossman v. City of Fort Collins*, 40 Colo. 270, 90 Pac. 605, 11 L. R. A. (N. S.) 842; 14 Cyc. 482, Liquor selling is a legitimate vocation. *State v. Brown*, 7 Wash. 10, 34 Pac. 132. A saloon keeper is not liable for an assault on a patron committed by a bartender. *Chase v. Knabel*, 46 Wash. 484, 90 Pac. 642; *Anderson & Co. v. Diaz*, 77 Ark. 606, 92 S. W. 861, 113 Am. St. 180, 4 L. R. A. (N. S.) 649; *Rahmel v. Lehndorff*, 142 Cal. 681, 76 Pac. 659, 100 Am. St. 154, 65 L. R. A. 88; *Clancy v. Barker*, 131 Fed. 161; *Curtis v. Dinneen*, 4 Dak. 245, 30 N. W. 148; Cooley, Torts (2d ed.), p. 627; *McCarthy v. Timmins*, 178 Mass. 378, 59 N. E. 1038, 86 Am. St. 490; *Bowen v. Illinois Cent. R. Co.*, 136

Fed. 306. There is no statutory liability. *Gage v. Harvey,*
66 Ark. 68, 48 S. W. 898, 74 Am. St. 70, 43 L. R. A. 143.
And no common law liability. Black, Intoxicating Liquors,
§ 281; *Cruse v. Aden,* 127 Ill. 231, 20 N. E. 73, 3 L. R. A.
327; *Struble v. Nodwift,* 11 Ind. 64. The cruel act of the
bartender was beyond the scope of his employment. Cooley,
Torts (2d ed.), p. 627; *McManus v. Crickett,* 1 East. 106;
*Davis v. Houghtellen,* 33 Neb. 582, 50 N. W. 765, 14 L. R. A.
737; *Britton v. Atlantic etc. R. Co.,* 88 N. C. 536, 43 Am.
Rep. 749; *Howe v. Newmarch,* 94 Mass. 49; *Clancy v.
Barker,* 131 Fed. 161; *Curtis v. Dinneen,* and *Bowen v.
Illinois Cent. R. Co., supra; St. Louis Southwestern R. Co. v.
Harvey,* 144 Fed. 806; 20 Am. & Eng. Ency. Law (2d ed.),
167; *Robinson v. McNeil,* 18 Wash. 163, 51 Pac. 355; *Driscoll v. Scanlon,* 165 Mass. 342, 43 N. E. 115, 52 Am. St. 523;
*Bowler v. O'Connell,* 162 Mass. 319, 38 N. E. 498, 44 Am. St.
359, 27 L. R. A. 173; *Walker v. Hannibal etc. R. Co.,* 121
Mo. 575, 26 S. W. 360, 42 Am. St. 547, 24 L. R. A. 363;
*Sullivan v. Louisville & N. R. Co.,* 115 Ky. 447, 74 S. W.
171, 103 Am. St. 330. The master is not liable for an assault
and battery committed by a servant on a third person, when
the servant acts outside of the scope of his employment. 20
Am. & Eng. Ency. Law (2d ed.), 175; *Illinois Cent. R. Co. v.
Ross,* 31 Ill. App. 170; *Terre Haute etc. R. Co. v. Jackson,*
81 Ind. 19; *Hudson v. Missouri etc. R. Co.,* 16 Kan. 470;
*Williams v. Pullman Palace Car Co.,* 40 La. Ann. 87, 3 South.
631, 8 Am. St. 512; *Central R. Co. v. Peacock,* 69 Md. 257,
14 Atl. 709, 9 Am. St. 425; *McGilvray v. West End St. R.
Co.,* 164 Mass. 122, 41 N. E. 116; *Johanson v. Pioneer Fuel
Co.,* 72 Minn. 405, 75 N. W. 719; *Alabama etc. R. Co. v.
McAfee,* 71 Miss. 70, 14 South. 260; *Davis v. Houghtellen,*
33 Neb. 582, 50 N. W. 765, 14 L. R. A. 737; *Kaiser v. McLean,* 20 App. Div. (N. Y.) 326; *Little Miama R. Co. v. Wetmore,* 19 Ohio St. 110, 2 Am. Rep. 273; *Scanlon v. Suter,*
158 Pa. St. 275, 27 Atl. 963. A servant, though in charge

of a dangerous agency, who acts without any reference to the service for which he is employed and not for the purpose of performing the work of his employer, but to effect some independent purpose of his own, does not render his master responsible either for his wrongful act or omission. *Stephenson v. Southern Pac. Co.*, 93 Cal. 558, 29 Pac. 234, 27 Am. St. 223, 15 L. R. A. 475; *Evers v. Krouse*, 70 N. J. L. 653, 58 Atl. 181, 66 L. R. A. 592; *Canton Cotton Warehouse Co. v. Pool*, 78 Miss. 147, 28 South. 823, 84 Am. St. 620; *St. Louis Southwestern R. Co. v. Harvey, supra; Morier v. St. Paul etc. R. Co.*, 31 Minn. 351, 17 N. W. 952, 47 Am. Rep. 793; *Sullivan v. St. Louis etc. R. Co.*, 115 Ky. 447, 74 S. W. 171, 103 Am. St. 330.

HADLEY, C. J.—This is an action for damages for personal injuries. The cause came on for trial before a jury, and at the close of the testimony submitted by the plaintiff, the defendants moved that the court discharge the jury and enter judgment in favor of the defendants. The motion was granted on the ground that the evidence was insufficient to sustain a verdict for plaintiff, and judgment was entered dismissing the action. The plaintiff has appealed.

Appellant's testimony showed the facts hereinafter stated, and it is even conceded in respondents' brief that such facts appeared in evidence. The respondents, John Carroll and William Carroll, were, on and prior to January 15, 1908, copartners under the firm name and style of Carroll Brothers, conducting a saloon in the city of Raymond, Washington, in which liquors were sold at retail under a license duly issued by said city. William Esswein, who was made a codefendant in this action with the Carrolls, was in the employ of the latter as their servant, and was acting as bartender. On the date above named, the appellant entered the saloon, purchased and drank a glass of beer, and immediately thereafter left the barroom and entered an adjoining room, where he sat down in a chair and fell asleep. While asleep, Esswein, the servant

and bartender, poured alcohol in appellant's shoe which was on his right foot, and set fire to the alcohol which burned the foot. At the time of the occurrence, neither of the Carrolls was present and neither one had knowledge of the act of the servant. Esswein, the servant, was never served with summons in the case, and did not appear in the action.

Appellant's amended complaint, upon which the action was tried, was drawn upon the theory that the respondents were responsible for the acts of their servant at the time mentioned, and that they are liable in damages for the injuries received by appellant as the result of the servant's act. Respondents, upon the other hand, contend that the act of their employee was entirely without the scope of the duties included within his employment, and that inasmuch as it was done without their knowledge, consent, or acquiescence, they cannot be liable.

If respondents had been present upon the saloon premises and in the immediate charge thereof at the time, perhaps the doctrine that the employer cannot be made liable for the act of his servant committed wholly without the scope of the duties of the employment might have applied. However, under the circumstances shown by the facts in this case, the employee became at the time more than a mere ordinary servant acting under the immediate instructions of the master. The master had left the place in entire charge of this servant, late at night, while it was yet open to the public and while patrons were still invited to enter to transact business and to receive the customary treatment accorded to customers. The master cannot start a saloon to going and then go off and leave it to take care of itself. In contemplation of law, he must either be present in person or by some one who represents him and who for the time being stands in his shoes and acts in his behalf. The policy of the state toward the saloon business is such that the owner of a saloon cannot be permitted to absent himself from his place of business and then escape liability to the customers of his saloon for injuries received in the man-

ner that appellant was injured, merely because the owner is not present, has not personal knowledge of the act, and does not actually consent thereto. The business of selling intoxicating liquors in this state is placed under many restraints by law, among which are the requirements that the vendor must procure a license and must give a bond conditioned to keep an orderly house. Here was a customer who, as shown by the evidence he submitted—and there was no other testimony— quietly entered the saloon at a late hour of the night, bought and drank a glass of beer, unobtrusively and peaceably sat down in a chair provided for that purpose for customers, and simply fell asleep. Under such circumstances he had a right to rely upon the belief that he was in an orderly house and would receive the protection of such an one. He had a right to rely upon the belief that the master was either present in person or by a responsible and delegated representative, keeping a careful lookout that the doings in the house should in all respects be orderly. The act in question cannot be called an orderly one. It was essentially an extremely disorderly one, and was committed directly by the person then in charge of the place. Under such circumstances, we think it should be held that the employee in charge was the employer's delegated representative for that purpose, and that inasmuch as the employers were charged by law with the duty of preventing disorderly conduct in their place of business, they must be liable when the act was actually committed by the person whom they had placed in control.

The case of *Curran v. Olson*, 88 Minn. 307, 92 N. W. 1124, involved facts quite similar to those in the case at bar, the circumstances in the case before us being, if any different, more aggravating in appellant's favor than were those in the cited case. In that case a party who had been a patron of the saloon for some days, and who had spent all his money, went into the saloon at about 1:30 a. m., and fell asleep in his chair. A cook, in a restaurant in the rear of the saloon belonging to a third party, went into the saloon, got alcohol

from the bartender in charge of the room, poured it upon the foot of the sleeping man, and set it on fire, causing serious injury. It is stated in the opinion that the evidence tended to show that the bartender knew, or might have known by the exercise of the slightest care, for what purpose the alcohol was to be used, and that he could have prevented the injury. Neither of the proprietors was present at the time. It will be seen that the thing was actually done by one not even in the employ of the proprietors of the saloon, but the court said:

"The defendants were bound to use reasonable care to protect their guests and patrons from injury at the hands of vicious or lawless persons whom they knowingly permitted to be in and about their saloon. If they delegated this duty to their barkeeper, they are responsible for his negligence in the premises. *Mastad v. Swedish Brethren*, 83 Minn. 40, 85 N. W. 913. The evidence is ample to sustain a finding by the jury that the defendants were guilty of negligence, which was the proximate cause of the plaintiff's injury."

As we have intimated, the wrong done in the case at bar was even worse, so far as it involved the proprietor, than was that in the Minnesota case, for the reason that in the present case the wrong was actually committed by the delegated representative of the owner who was at the time in entire charge. It is true that, in the case of *Anderson & Co. v. Diaz*, 77 Ark. 606, 92 S. W. 861, the facts were essentially the same as in the case at bar. The bartender assisted a patron to place alcohol upon the foot of another patron who was asleep, and then set it on fire. The holding there was agreeable to respondents' contention here, to the effect that the act was without the scope of the servant's duties, and that the employer was not liable. For the reasons we have already stated, however, we think the Minnesota decision is based upon sound principles, and we decline to follow the Arkansas decision.

We think the court erred in granting the challenge to

appellant's evidence, and the judgment is therefore reversed, and the cause remanded with instructions to grant a new trial.

CROW, DUNBAR, and FULLERTON, JJ., concur.

RUDKIN and CHADWICK, JJ., took no part.