I do not concur in the rule of liability adopted in paragraph four of the foregoing opinion. It must be remembered that Emil Dieudonne is sought to be held liable, not for any act of his own, but for the act of one employed by his son, Eugene Dieudonne. It appears to me there are only two possible theories on which Emil Dieudonne can be held liable for the act of his employee. One is that there was an actual partnership between himself and his son, the other that there was a partnership by "holding out." The opinion holds that the evidence is not sufficient to establish actual partnership. This leaves only the question of partnership by "holding out." Some courts have expressed doubts as to liability by holding out as a partner in any case of personal tort. It seems to me that such liability may exist, but that, like liability to contract creditors, it must rest on estoppel; that is, where a person is not a partner in fact, but merely permits himself to be held out as such, those, and only those, who *Page 171 
have dealt with the firm in reliance upon his conduct can take advantage of it.
It should not be said that, because one not a partner is willing to assume liability to those who give credit in reliance on his name, he must thereby assume responsibility to the whole world to keep the partnership premises in safe condition. The doctrine of liability to the whole world by holding out was in a few early cases applied to liability on contract, but it has long since been repudiated. Bates, Partnership, §§ 92, 93, and cases cited. It is equally inapplicable to liability in tort. Lindley, Partnership (7th ed.) p. 79; Sherrod v. Langdon,21 Iowa, 518; Maxwell v. Gibbs, 32 Iowa, 32.
If plaintiff had known Emil Dieudonne was not a partner, surely it could not be said Emil Dieudonne would be liable to him; nor could he be held liable to one who had no knowledge at all of his relations with the firm. Neither should he be held liable to one who knew of his conduct, unless such person has dealt with the firm on the faith of his conduct.
Such cases as bear on this subject have generally held that liability of one as a partner by holding out is more restricted in case of tort than contract. Shapard v. Hynes, 104 Fed. 449, 45 C.C.A. 271, 52 L.R.A. 675. The decision in this case establishes much the broader rule of liability in tort cases.
This case differs from the line of cases cited to which belong Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Mastad v. Swedish Brethren, 83 Minn. 40, 85 N. W. 913, 53 L.R.A. 803, 85 Am. St. 446; Thompson v. Lowell, L. H. St. Ry. Co. 170 Mass. 577, 49 N. E. 913,40 L.R.A. 345, 64 Am. St. 323; Richmond M. Ry. Co. v. Moore, 94 Va. 493,27 S. E. 70, 37 L.R.A. 258. In all those cases was involved an invitation by the party in possession and control of premises, which involved the correlative obligation to keep the premises in safe condition, and to use due care to protect the invitee from injury at the hands of others. If defendant Emil Dieudonne had been in fact in possession and control of these premises, these cases would apply. But he was not. The case rests upon the claim that he held himself out as being in such possession and control in common with his son, and this claim in turn rests on evidence that he *Page 172 
held himself out as a partner. The whole case accordingly falls back on an alleged partnership by holding out, which it seems to me is based only on estoppel.
The majority opinion uses the language that the liability of defendant Emil Dieudonne "does not rest wholly in estoppel," but I do not understand this to mean that proof of an estoppel is considered essential to defendant Emil Dieudonne's liability. The question whether an estoppel was made out, the opinion does not at all discuss or decide. I dissent from the principle established by the opinion, that one may predicate liability in tort on an "invitation" upon which he has not acted or relied. *Page 196