### DOVE v. LOWDEN et al.
No. 359.

District Court, W. D. Missouri, W. D.
Oct. 13, 1942.

Clarence C. Chilcott, of Kansas City, Mo., for plaintiff.

Hogsett, Murray, Trippe, Depping & Houts, of Kansas City, Mo., for defendant Frank O. Lowden and others.

REEVES, District Judge.

This is a suit for damages, tried to the court without the intervention of a jury. The plaintiff seeks recovery for injuries alleged to have accrued to him from an assault claimed to have been committed by servants and employees of defendants on the 6th of July, 1938.

Mr. H. D. King was the manager-chef of a lunchroom operated by the trustees for their company or trust at Pratt, Kansas. Mr. Benjamin R. Shelley at the same time was an inspector whose duty it was to check up on supplies at this and similar places operated by the trustees.

In the late evening, that is, about 11 P. M., or a little later, the said King and Shelley having finished their work for the day returned to the hotel, also operated by the trustees and wherein the lunchroom was located. Both of said parties took seats on the porch of the hotel. They had accompanied other parties to the hotel, not to be guests of the hotel proper but solely of the lunchroom. All had been drinking and were more or less under the influence of intoxicating liquor. Guests accompanying them went to the lunchroom for refreshments, and, by prearrangements, the plaintiff also came to the lunchroom and joined such guests. One Marion June Stamper was one of the guests who accompanied King and Shelley to the hotel. After partaking of refreshments she came out on the porch where the said King and Shelley were seated, and had a controversy with the witness, King. She claimed later that King slapped her. King and Shelley said that King had made a hostile gesture toward Mrs. Stamper, but was restrained by Shelley. All agreed that Mrs. Stamper returned to the lunchroom for the purpose of inviting the plaintiff Dove to accompany her home. She testified that her purpose was to have Dove take her home in her own automobile. It was at her instance that he had brought her car to the hotel. When she left King and Shelley, Mrs. Stamper indicated, as testified by King and Shelley, that she was going to obtain the aid of plaintiff as well as others to avenge the alleged assault upon her. According to her testimony she first went out to her automobile after her encounter with King and then returned by another way to the lunchroom. It was just as convenient for her to have gone back to her automobile by the same way. She did not do that. She and plaintiff left the lunchroom together and came out on the porch where King and Shelley were. There was a quarrel. Shelley and King said that Mrs. Stamper was abusive and that the plaintiff was belligerent. The plaintiff said that a controversy arose but that it was ended, and that he and Mrs. Stamper went to the automobile with the thought that the trouble was over. King and Shelley testified that when Mrs.

Stamper and the plaintiff went out on the street, where the automobile was parked, Mrs. Stamper began abusing King and Shelley and that she was supported in that by the plaintiff. This was denied by the plaintiff and Mrs. Stamper. Whatever the provocation may have been, King and Shelley went out on the street and a general affray ensued, in the course of which the plaintiff suffered serious and lasting injuries.

It is the contention of the plaintiff that he was the guest of the trustees for the purpose of taking refreshments at their lunchroom and that he was entitled to the reasonable protection of the trustees, acting through their servants, against assault and injury. It was his contention that the assault upon him was made by the managing-chef of the restaurant or lunchroom and the inspector, both as servants of the trustees.

It is the contention of the trustees that, upon the evidence in the case, the affray wherein the plaintiff received his injuries occurred on the street and that the defendants owed no duty to him at that point. Moreover, it is the further contention that the said King and Shelley were not acting within the scope of their employment and in truth and in fact were not on duty at the time of the alleged assault.

Other facts will be stated in the course of this memorandum opinion as such facts may become pertinent.

■■ 1. Upon the facts in the case, the relation of innkeepers and guest arose when the plaintiff went to the lunchroom for refreshments. While that relation existed it is the law that the trustees owed the duty to exercise reasonable care to protect him against injuries from assault, or otherwise, whether committed by employees or other guests. An innkeeper is obliged, in the exercise of reasonable care, to protect his guests against assaults from any one, including his employees. It was so held in the case of Lehnen v. E. J. Hines & Co., 86 Kan. 58, 127 P. 612, 616, 42 L.R.A.,N.S., 830. This was a Kansas case and declares the applicable law here for the reason that the alleged wrong was committed in the State of Kansas.

■■ In that case, however, the court remarked that "the wrongs were committed while Atwood was performing his duty and attending to his masters' business." All the cases hold that "an innkeeper is not an insurer of the safety, convenience or comfort of the guests." The obligation is, as stated, "to exercise reasonable care that neither he nor his servants shall, by uncivil, harsh, or cruel treatment, destroy or minimize the comfort, convenience and peace which the latter would ordinarily enjoy if the inn were properly conducted; due allowance being always made for the grade of the inn and the character of the accommodation which it is designed to afford." De Wolf v. Ford, 193 N.Y. 397, 86 N.E. 527, loc. cit. 530, 21 L.R.A.,N.S., 860, 127 Am.St.Rep. 969.

■■ 2. A preponderance of the testimony showed that neither King nor Shelley was on duty at the time of the alleged assault. They were both intoxicated. After they had finished their day's work they went out to a drinking party with Mrs. Stamper and others. While there is a question whether the plaintiff was a member of such party and participated in the drinking, nevertheless, he knew about it. Since the rule with respect to carriers is somewhat analogous to the rule applying to innkeepers, it has been held that:

"The carrier is not liable for acts of its servant occurring while the latter is at liberty from service and is pursuing his own ends exclusively." 13 C.J.S., Carriers, § 689, page 1276.

This principle was digested by C.J.S. from a Massachusetts case. It appears to be a reasonable rule. King and Shelley were not on duty and the fact of the assault was not called to the attention of any one acting for the defendants, who could have stopped it in the exercise of reasonable oversight and care. The defendants could not have been reasonably apprised of the affray.

■ 3. There was a conflict of evidence as to what occurred on the porch. Both King and Shelley testified that the controversy ended there and that the plaintiff and Mrs. Stamper went peacefully on their way. They testified, however, that the plaintiff and Mrs. Stamper were vociferously belligerent when they came out of the lunchroom, but even plaintiff said that he understood when he left the porch that the controversy was over.

The evidence for the defendants was that the plaintiff suggested on the porch that there should be no quarrel on the railroad property, that such procedure would imperil all of them. King and Shelley said that

after plaintiff and Mrs. Stamper had left the porch they again became belligerent and challenging on the street and that they (King and Shelley), went into the street to accept the challenge, and the affray followed. They are corroborated in their statement by the circumstance that after Mrs. Stamper had had an encounter or controversy with King she returned to the lunchroom one way and then brought the plaintiff back to the porch where she had but recently experienced trouble with an intoxicated man. The court is justified in finding that the fight on the street was not a renewal of the encounter on the porch. It appears to be the rule of the authorities, that the innkeeper or carrier is only liable for injuries suffered away from the hotel or train where the fight has been a continuation of that initiated on the innkeeper or carrier property.

For the reasons above stated, the plaintiff, although seriously, painfully and permanently injured, is not entitled to recover from the trustees to compensate him for his injuries. Accordingly judgment should be entered for the defendants.