## Bauman's Adm'r v. Brown & Williamson Tobacco Corporation.

May 27, 1947.

Rehearing denied October 3, 1947.

Roscoe Conkling, Judge.

Joseph J. Hancock and Lloyd W. Gates for appellant.

Robert F. Vaughan for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellee operates a factory in Louisville where it

manufactures cigarettes and smoking tobacco. The packaging of smoking tobacco is accomplished by six machines located on the second floor of one of the units of the plant. To each of the machines used for this purpose is attached a drip cup, into which alcohol is poured and from which it seeps into a hollow roller covered with felt. The roller engages and cleans a plunger which packs the tobacco into a mould preparatory to wrapping. At the time mentioned in the evidence, Clifton A Simpson and Rudolph Bodner were employed as maintenance men to keep the packaging machines in order. Appellant's decedent, Albert Bauman, was one of their fellow workmen, and one of his duties was to replenish the drip cups with alcohol when necessary. This was done manually with the use of a funnel and a one-half gallon can. Simpson, Bodner, and Bauman were intimate friends, and often engaged in "horseplay" with each other, and in which engagements Bauman usually was the aggressor. William B. Mulligan was the foreman of the shop, having three floors of the plant under his supervision. The workmen were careful not to indulge in their pranks when the foreman was present, with a single exception which occurred approximately two and one-half hours before the happening of the accident which gave rise to this action and to which we hereinafter will refer. Harmless pranks had been engaged in by employees of the Company generally for a number of years, and this fact was known to the foreman, although he did not know that such pranks included throwing alcohol on the clothes of fellow workmen, and which practice seemed to have been indulged in only by Bauman, Bodner, and Simpson. On December 17, 1943 the named workmen were employed on the 3:30 p. m. to 12 midnight shift. In the early hours of the shift Bauman threw alcohol on Bodner's clothes, and the latter threatened "to get even" with him before the night's work was finished. The foreman had no knowledge of this incident. At about 9 o'clock p. m., in the presence of the foreman, Bauman threw about one-half gallon of alcohol on Hugh Johnson, a fellow workman. The foreman reprimanded Bauman and extracted his promise that he would throw no more alcohol. This is the only incident of throwing alcohol ever to have come to the foreman's attention. At about 11:30 o'clock p.

m. Bauman was filling drip cups with alcohol. He placed the half-gallon can of alcohol on machine No. 5 to his rear and engaged in making an adjustment of the cup on machine No. 4. While Bauman's back was turned to him, Bodner possessed himself of the can and dashed its contents on and inside Bauman's trousers. When the cold liquid struck his skin Bauman jumped and laughed and walked down the aisle away from Bodner. Simpson was walking up the aisle toward both of these men, and at the time he passed Bauman, Bodner called to him, ''Clifton, here he is, stick a match to him.'' Some of the alcohol had dripped from Bauman's trousers to the floor. Simpson struck a match and threw it to the floor, igniting the alcohol. The flames spread to Bauman, enveloping his body, causing severe burns from which he died the following February.

This action was filed by Bauman's administrator against Simpson, Bodner, and appellee. On the first trial the case was submitted to a jury as to all three defendants. The jury rendered a verdict in favor of the individual defendants, but against appellee, the corporate defendant, fixing damages in the sum of $8,000. No appeal was taken by the administrator from the judgment exonerating Simpson and Bodner of liability. Appellee, however, filed motion and grounds for a new trial, which was sustained by the Court. On the second trial, with appellee as the sole defendant, its motion for a peremptory instruction was sustained at the conclusion of all the evidence. Appellant moved the Court to set aside the verdict and judgment of the second trial, and to substitute therefor the verdict rendered at the first trial. This motion was overruled and appellant perfected this appeal. The only evidence introduced at the second trial was the transcript of the evidence adduced at the first trial, and the only question presented by this appeal is whether the evidence of negligence on the part of appellee is sufficient to sustain the verdict of the first jury. If it is not, the Court properly granted appellee a new trial and properly directed the jury on the second.

Appellant contends that the evidence was sufficient to submit the question of appellee's negligence to the jury upon the theory that, by reason of previous spilling of alcohol, the floor where Bauman was required to work had become saturated with alcohol, thus rendering the

premises an unsafe place in which to work; that the company knew, or by the exercise of ordinary care could have known, the employees constantly engaged in horse-play, and the company's failure to stop such pranks was in effect a condonement of them; and since the accident occurred as a result of such pranks and the spread of the fire on the floor saturated with alcohol, it became liable for the damages sustained by Bauman's estate. We think the evidence fails to show that the floor was saturated with alcohol by reason of any negligence on the part of appellee. Some of the witnesses testified that on previous occasions alcohol accidentally was spilled on the floor of the plant; but there was no showing that alcohol from previous spillings remained on the floor of the plant, or that the floor had become saturated or to any extent was impregnated with alcohol from previous spillings; on the contrary, it was shown conclusively that the alcohol on the floor which was ignited by the match struck by Simpson had dripped from the clothing and person of the deceased, and that it did not remain on the floor for a sufficient length of time to put appellee on notice that the shop was an unsafe place in which to work. It is true that the evidence discloses that harmless pranks were engaged in by employees generally throughout the plant, and that the company had notice of such conduct on the part of its workmen. But it is likewise shown conclusively that the company had no notice that any prank or horseplay was engaged in by the workmen which would endanger the life or cause an injury, with the single exception of the occurrence two and one-half hours before the fatal accident; and on that occasion the foreman took reasonable steps to avoid a repetition of such a prank. It is manifest that this accident occurred as the result of horseplay of a character of which appellee was unaware, and that no act of negligence on the part of the company contributed to the happening of the accident.

The Court did not err in granting appellee a new trial, and in directing a verdict in its favor at the conclusion of that trial.

The judgment is affirmed.