Josephine C. Padulo and John T. Padulo, Plaintiffs-Appellants, v. Valentine J. Schneider, Trading as Lill's Tap, Defendant-Appellee.

Gen. No. 45,595.

Opinion filed April 9, 1952. Released for publication April 25, 1952.

MILLER, GORHAM, WESCOTT & ADAMS, all of Chicago, for appellants; JOSEPH C. LAMY, of Chicago, of counsel.

LORD, BISSELL & KADYK, and ROBERT L. BRODY, all of Chicago, for appellee; C. H. G. HEINFELDEN, LEONARD F. MARTIN, and FRED M. KECKER, all of Chicago, of counsel.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action brought against a tavern owner for damages for personal injuries to a female patron. Count I of the complaint is brought under the Dram Shop Act, and Count II under the common law. Issues were joined on Count I. One of the defendants named in Count II moved to strike that count. The motion was sustained and the second count was dismissed. Plaintiff stood by the second count and has appealed from the judgment of dismissal.

The judgment is appealable because it disposes definitively of a distinct cause of action. *Ranz v. Yaschenko*, 329 Ill. App. 274. The question is whether the trial court correctly decided that Count II did not state a cause of action.

455

The motion to strike admitted the following facts. Defendant Schneider and his deceased partner Frank Paoli owned and operated on and before April 28, 1950 Lill's Tap, a tavern in Chicago. The night of April 27th and the early hours of the morning of April 28th plaintiff was a patron of the tavern. Ray Purse was also a patron in the tavern at the time. Purse was "so crazed with drink as to be totally irresponsible." At an early morning hour, plaintiff left the tavern to return to her home. Purse followed her out of the tavern onto the public sidewalk, and, overtaking her, assaulted her into unconsciousness. He then forced her, still unconscious, into an automobile and "transported her without her consent to an apartment." When she recovered consciousness in the apartment, Purse made "improper advances" and when plaintiff resisted he again assaulted her inflicting grave bodily injuries.

Plaintiff alleges her own due care and that defendants had the duty to exercise reasonable care and caution to protect her from "molestation" by Purse in and about the tavern, its exit and the adjacent public highway, and to refrain from conduct having the "reasonably foreseeable result of inducing or encouraging" molestation of plaintiff. These duties, it is alleged, were violated by defendant through its bartender agent: first: by permitting Purse in his known condition to follow plaintiff "unsuspecting out of the tavern"; secondly, by failing, with knowledge of Purse's condition, to warn her, "unsuspecting, that she was being followed out of said tavern" by him; thirdly, by "recklessly and wantonly" inducing or encouraging Purse, knowing his condition and in order to be rid of him, to follow plaintiff "unsuspecting" from the tavern; and finally by doing or omitting to do one or more of the acts alleged.

The precise question is whether the negligence of defendant is sufficiently alleged.

█ The allegation that the bartender permitted Purse to follow plaintiff from the tavern or that the bartender failed to warn plaintiff that Purse was following her clearly do not sufficiently charge a breach of a common-law duty owing plaintiff by defendant. The parties agree that there is no Illinois case like the instant one reported. Plaintiff in support of the allegations cites *Rommel v. Schambacher,* 120 Pa. 579, 11 Atl. 779; *Mastad v. Swedish Brethren,* 83 Minn. 40, 85 N. W. 913; *Curran v. Olson,* 88 Minn. 307, 92 N. W. 1124; *Beilke v. Carroll,* 51 Wash. 395, 98 Pac. 1119.

There is no allegation that defendant knew or should have known of Purse's intent to assault plaintiff as in the *Rommel* case; none that defendant knew of vicious characteristics of Purse as in the *Mastad* case; and none that the bartender directly or indirectly participated in the assault as in the *Curran* and *Beilke* cases. These cases are not applicable. Neither are the Illinois cases involving suits against masters for injuries caused by their servants.

██ Defendant was not an insurer of plaintiff's safety and in the absence of allegations of fact showing negligence, there was no breach of duty on his part. *Sidebottom v. Aubrey,* 267 Ky. 45, 101 S. W. (2d) (Ky.) 212; *Cherbonnier v. Rafalovich,* 88 F. Supp. 900. Nothing in the allegations under consideration alleged facts from which it can be said the bartender should have foreseen that what happened to plaintiff was likely to occur. Furthermore, there are no facts alleged which would extend the claimed duty beyond the tavern to the public sidewalk. *Dove v. Lowden,* 47 F. Supp. 546. The inherent evils of intoxicating liquor have not enlarged upon the common-law duty of the vendor to his patrons.

█ Plaintiff alleges that the bartender induced or encouraged Purse to follow plaintiff. This allegation, however, is limited by the phrase "in order to get rid of him." It is not an allegation that the bartender in-

duced Purse to "pursue" plaintiff as argued in plaintiff's brief. Plaintiff has not referred us to any authority which supports the claim of sufficiency of this allegation. The allegation is not sufficient to charge negligence. There was no duty owed plaintiff by defendant that was breached when the bartender encouraged Purse, knowing him to be drunk, to follow plaintiff from the tavern. He did it to get rid of Purse. There is nothing to show that he did so to give Purse the opportunity to make the assault.

 Common notions of the relationship of intoxicating liquor to the danger of sexual offenses do not supply the deficiency in the complaint. It is true there have been laws forbidding women in taverns, but plaintiff was legally in defendant's tavern. We cannot agree with plaintiff that defendant's bartender, on the facts alleged, should have known that when Purse, without her invitation or encouragement, followed plaintiff from the tavern some injury to her would probably result and that his failure to anticipate that result and protect her from Purse was negligence.

We have considered all points and arguments made and cases cited which are necessary to our decision. We think the trial court did not err in dismissing Count II of the complaint. The judgment is therefore affirmed.

*Judgment affirmed.*

LEWE and FEINBERG, JJ., concur.