D. C. BALDWIN, d/b/a The Lunch Box, Appellant,

v.

Nelson WIGGINS, Appellee.

Court of Appeals of Kentucky.

March 23, 1956.

**730** ◼ ▬▬▬▬▬▬▬

Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, A. J. Deindoerfer, Louisville, J. W. Knippenberg, Lexington, for appellant.

John M. Keith, Cynthiana, for appellee.

STANLEY, Commissioner.

George Pope, counterman in a Cynthiana restaurant called "The Lunch Box," owned and operated by D. C. Baldwin, sprayed or poured flammable fluid used in automatic cigarette lighters on the shirt of Nelson Wiggins, a patron, and then set it afire. Wiggins had dozed off asleep while seated at a counter where he had drunk a cup of coffee. Pope testified Wiggins had been drinking intoxicants, but he denied it. Wiggins suffered burns which necessitated hospitalization for nine days. In his action for damages the jury returned a verdict for the plaintiff for $1,-274.50, with the added provision that the defendant, Baldwin, should pay $1,200 and Pope, the counterman, should pay $74.50. The plaintiff had incurred doctor and hospital expenses of $174.50. Baldwin's motion for an appeal under KRS 21.080 is sustained and an opinion delivered because of the novelty and importance of the legal principles involved, particularly pertaining to an instruction on damages.

The proprietor, Baldwin, was not present on this occasion and Pope was in charge of the restaurant. This sort of vicious and savage horseplay had been going on for about four years. Baldwin admitted he had personally engaged in it. He stated this was the first time any harm had resulted and attributed plaintiff's injury to the fact that he had run in front of a fan.

◼ This case is not within the principle, as the appellant contends it is, that a master is not legally liable for a wrongful act of his servant which was outside of the scope of his employment or not within the contemplation or the service of his employment. The case is under the rule that where an employer leaves one in charge of his business during his absence and that one wrongfully does something to injure a patron, which the employer has reason to know he may do, the employer is liable therefor. He is deemed to have delegated his obligation to protect and not to harm the patron. The appellant's liability clearly comes within the latter rule.

◼ In Dennert v. Dee, 308 Ky. 687, 215 S.W.2d 575, 578, the line is drawn between these principles of responsibility. In that opinion we noted, by way of analogy, that even as to acts of horseplay, "it has been held in at least three cases that a proprietor of a saloon is responsible for the act of his bartender in pouring alcohol into the shoes of a patron who falls asleep after his libation and then setting him afire. Curran v. Olson, 88 Minn. 307, 92 N.W. 1124, 60 L.R.A. 733, 97 Am.St.Rep. 517; Beilke v. Carroll, 51 Wash. 395, 98 P. 1119, 22 L.R.A.,N.S., 527, 130 Am.St. Rep. 1103; Lynch v. Brennan, 131 Minn. 136, 154 N.W. 795, L.R.A.1916E, 269." Although obiter dictum in that case, the statement becomes authoritative in this case, or, in the picturesque language of our late Judge Thomas, the dictum now becomes "sticktum." In Bauman's Adm'r v. Brown & Williamson Tobacco Corp., 305 Ky. 344, 204 S.W.2d 327, an employee, as a prank, threw alcohol inside a fellow workman's trousers. Another man, in a spirit of fun, threw a lighted match on the floor and it ignited the alcohol. The flames spread and caused the victim's death. We held there was no liability on the employer because it had had no notice that its workmen had been engaging in any such prank or horseplay that would endanger life or cause injury. But in the present case the proprietor had set the example for his employees to follow and knew they were doing it. He had thereby countenanced and sanctioned

such vicious horseplay as a distorted sense of fun in his restaurant. Its inherent danger presaged injury. See Annotations, 40 A.L.R. 1333. The court properly overruled the defendant's motion for a peremptory instruction.

 The court erroneously authorized the finding of a verdict for different or separate sums against the two defendants, and, as stated above, the jury did so. KRS 454.040 modifies the rule of the common law and authorizes a jury to assess separate or joint damages against one or more defendants in all actions of trespass of whatever kind. This has been construed for many years as authorizing separate verdicts for different amounts against tort-feasors where there was concurrent or combined negligence or joint commission of a wrong causing injury. McCulloch's Adm'r v. Abell's Adm'r, 272 Ky. 756, 115 S.W.2d 386. In the case at bar the sole actor was the employee. The employer's liability is purely derivative and is dependent solely upon the doctrine of respondeat superior. There was no independent negligence on his part. His responsibility is imputed as a matter of law. The liability for all damages is inseparable as between the employer and employee.

For the past twenty years this court, in line with the great majority, has been holding that where an employer and employee are jointly sued for injurious consequences of an indivisible wrongful act of the employee, his exoneration by a jury from personal liability requires that the verdict against the employer be set aside. Illinois Cent. R. Co. v. Applegate's Adm'x, 268 Ky. 458, 105 S.W.2d 153; Chesapeake & O. R. Co. v. Williams' Adm'x, 300 Ky. 850, 190 S.W.2d 549; Bowling Green-Hopkinsville Bus Co. v. Adams, Ky., 261 S.W.2d 14. To avoid such inconsistent and incongruous verdict, the instructions should not permit a separate recovery. Louisville & N. R. Co. v. Farney, 295 Ky. 8, 172 S.W.2d 656.

In the present case the jury did not absolve the employee of liability but found him guilty of negligence and apportioned the recovery under an erroneous instruction authorizing a separate verdict. However, the appellant is in no position to rely upon the error. The record does not show that the appellant, as defendant, or his co-defendant either, offered any instruction except a peremptory. No objection was made, even in the motion for a new trial, to the instructions which the court gave. It is an imperative rule that "No party may assign as error the giving or the failure to give an instruction, unless he objects thereto before the court instructs the jury, stating specifically the matter to which he objects and the grounds of his objections." CR 51. Other than the addition of the provision for stating the ground of objection, the Civil Code of Practice, § 333, so provided.

The judgment is affirmed.