Maynard **RAYBOURN**, Respondent,

v.

Joseph **GICINTO**, Jr., d/b/a Paramount Tavern, Appellant.

No. 22628.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1957.

George V. Aylward, Kansas City, William B. Teasdale, Kansas City, of counsel, for appellant.

Williams & Norton, North Kansas City, for respondent.

SPERRY, Commissioner.

This is a suit for personal injuries growing out of alleged assault and battery. Plaintiff had a verdict and judgment in the amount of $1,500. Defendant appeals.

Plaintiff testified to the effect that, at the time of the trial, September, 1956, he was 30 years of age, married and lived in Kansas City, Missouri; that he was, and had been since April, 1952, a switchman for the Southern Railroad; that, on October 18, 1954, he left his home and proceeded by bus to 12th and Walnut, in Kansas City, intending to buy a railroad jacket, and then to attend a union meeting near there; that he walked eastward, looking for the only store that stocked the jacket he intended to buy; that, when he reached the corner of 12th and Holmes he realized that the store was not farther east, and that, in any event, it was closed; that it was then about 6:30 to 7:00 p. m.; that he entered defendant's tavern, located at the southeast corner of that intersection; that the entrance is not on either side of the building, but is at the northwest corner, the doorway facing northwest, with a post running from the floor to the roof, at the corner; that the long part of the bar is along the east side; that he walked to the south, around to the south end of the bar, ordered, paid for, and was served a beer; that defendant was behind the bar and served him; that the men's room is in the southeast corner of the bar room; that the telephone booth is to the right of the door; that two men came from the men's room and, as he partially turned, one of them looked at him and recognized plaintiff as the man who had caused his arrest, about a week before that, for having stolen his billfold a year and a half before; that he only knew the man as "Don," having seen him but twice prior to this; that "Don" (who was later identified as Don Chaney) immediately started an argument and struck plaintiff; that his companion assisted Chaney and a scuffle ensued; that defendant came from behind the bar and "threw them out" at the front door, telling them that if they didn't quit coming in and causing trouble he would bar them completely.

After Chaney's ejection plaintiff started walking toward the front door. He said that he saw the men immediately outside of the door, looking in and waiting for plaintiff; that he met defendant "coming back" and asked defendant to call the police, offering a dime for the telephone; that defendant refused to do so; that plaintiff threw the dime on the bar and asked another man back of the bar to call the police; that defendant said that he didn't want the police, whereupon plaintiff took the dime and started toward the telephone to make the call; that defendant seized him by the arms and "threw me out of the tavern into their arms"; that "I was hit as I was shoved out"; that these two men continued striking and beating him for several minutes.

It was shown by plaintiff's testimony, and by the medical evidence, that plaintiff

received a broken rib, causing partial collapse of one lung; that he was hospitalized for three weeks and lost six weeks pay, valued at $600; that he was treated at a doctor's office for several months; that as a result, he will always be susceptible to pleurisy. However, no point is made as to the amount of damages awarded.

Defendant testified to the effect that he was not at the tavern when the occurrence took place; that an employee, since deceased, was in sole charge of the tavern on that date, at that time; and that the first he heard about the matter was when he was served with process herein.

He offered the testimony of Capo, who stated that he was defendant's part time employee and was in the tavern on this occasion; that defendant was not present; that one Montilone was behind the bar, alone; that he saw plaintiff and Chaney scuffling; that he and another man "broke up" the scuffle and put Chaney out; that he did not see plaintiff leave and saw no fight outside of the tavern.

■ Defendant first contends that plaintiff failed to make a submissible case. In deciding that question we consider as true all evidence favorable to plaintiff; we draw all favorable inferences therefrom; and we reject as untrue all evidence and inferences in conflict therewith. Dickinson v. Eden Theatre Company, 360 Mo. 941, 231 S.W.2d 609, 610.

The Supreme Court, in Hughes v. St. Louis National League Baseball Club, 359 Mo. 993, 224 S.W.2d 989, 994, quoted the following rule from 52 Am.Jur. 296:

"One who invites the public to his theater or public amusement owes to all persons who accept the invitation the duty of reasonable care to protect them from assault, abuse or injury at his hands or those of his servants, employees, or agents. * * *

He is also under duty to protect patrons from injury resulting from the acts or conduct of other patrons and third persons, and is chargeable with liability for injuries suffered by reason of such acts or conduct."

However, the court stated that the last sentence above is too broad, and said:

"Nevertheless, proprietors of a place of amusement may not, without liability, permit activities of third persons, which are dangerous to patrons, to continue, after they know or by the exercise of reasonable care could have known of them, when by the exercise of reasonable care they could have been able to protect patrons therefrom by controlling or preventing such activities. (See American Law Institute Restatement of Torts. Sec. 348)."

The liability of an innkeeper is stated as follows, in 28 Am.Jur. 637:

"But where he has knowledge of the intended conduct and takes no steps to prevent an assault which he knows or should have known was about to be committed on his premises, by a guest, he is liable therefor."

From plaintiff's evidence herein the jury could, properly, have found that defendant witnessed the unprovoked assault on plaintiff, defendant's patron, by two of defendant's other patrons, in his place of business; that he knew from what he said as he hustled the two offenders outside, that they were troublemakers; that they remained, *just outside* the door, *on the premises*. The jury could have believed that defendant might reasonably have anticipated that, if plaintiff walked out of the door, he would promptly be assaulted. The jury could have also believed that he must have known, by that time, that Chaney and his companion posed a danger to plaintiff because defendant had just ejected them because of their assault on him, and because plaintiff was

**32**

asking that the police be called for his protection. The jury could further have found that, with full knowledge of the imminent danger to plaintiff he, nevertheless, forcibly thrust plaintiff into the waiting hostile arms of the two ejected patrons and that he was struck even as he was being ejected. And this second assault, where plaintiff received his injuries, the jury could have found from the evidence, occurred on defendant's premises, not on the street.

Under the evidence in this case the jury could have believed that defendant was an aider and abettor of the assault, if they believed that defendant forcibly pushed plaintiff into the arms of his assailants on defendant's premises. Knight v. Western Auto Supply Company, 239 Mo.App. 643, 193 S.W.2d 771, 776; 51 L.R.A.,N.S., Note, page 718. Defendant would be liable to plaintiff for injuries received off of the premises, (subject to limitations previously mentioned) if such injuries resulted from a continuation of the affray which began inside. Dove v. Lowden, D.C., 47 F.Supp. 546, 549. But, here, there was evidence to the effect that the second assault also occurred on the premises.

The evidence would justify a finding that defendant violated his obligation to exercise reasonable care to protect his patron from reasonably foreseeable injury at the hands of third parties, on his premises.

The judgment should be affirmed.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.