PASQUALE GRECO *vs.* SUMNER TAVERN INC.

Suffolk.    May 5, 1955. — September 19, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Tavern, Obnoxious person.

Evidence showing that a customer of a tavern, one of a boisterous group,
was in such a condition due to protracted drinking that he had be-
come a nuisance to other customers of the tavern and likely to engage
in an altercation, that the bartender and the president of the corpora-
tion operating the tavern knew of the customer's condition, and that
he finally assaulted and injured another customer, warranted a find-
ing of negligence on the part of the corporation toward the injured
customer.

TORT. `Writ in the Municipal Court of the City of Boston
dated July 3, 1951.

Upon removal to the Superior Court, the action was tried
before *Collins, J.*

*Alfred E. LoPresti,* (*Pasquale A. Cervizzi* with him,) for
the defendant.

*Simon Scheff,* for the plaintiff.

WILLIAMS, J.    This is an action of tort to recover for
personal injuries received in the defendant's tavern in
East Boston on May 13, 1949.    There was a verdict for the
plaintiff, and the defendant excepted to the denial of a
motion, presented at the conclusion of the evidence, for
a directed verdict in its favor.

There was evidence that, while a customer in the tavern,
the plaintiff was injured by an assault committed by another
customer, one Owen Cadden or Cadigan.    The plaintiff was
in the tavern for a short time at about 5:30 P.M.    He no-
ticed Cadden with others standing at the bar drinking
beer and that they were boisterous and talking loudly.    He
returned to the tavern at about 9:45 P.M. and was seated
at a table drinking beer.    John Cadden, a brother of Owen,

approached the table and made an explosive noise with a cellophane cigarette wrapper. After a remonstrance by the plaintiff John joined some friends of his at the bar. Owen was in the group, which consisted of five or six persons, and they laughed and "seemed to get a kick out of it." The group at the bar "were antagonizing the people who were watching the ball game [on television] by fooling around, howling, and being quite boisterous." In about fifteen minutes Owen who "looked as if he was under the weather or intoxicated" came to the table where the plaintiff was then seated with one Smitty and said, "I understand you want to throw my brother out." Owen then tipped over the table and chair and knocked over the plaintiff and Smitty. He gave the plaintiff a kick. The plaintiff received a broken leg. Owen ran out and the plaintiff called the police. He said to Charles Tarquinio, president of the defendant corporation, who was present, "Charlie . . . my leg is broke." Tarquinio said, "That fellow's been giving me and my bartender . . . trouble all day." The plaintiff said, "What did you serve him for?" and Tarquinio replied, "I shouldn't have served him." Before this action was brought Smitty, who is now dead, told the plaintiff that "Cadigan was there . . . drinking . . . all day."

The plaintiff was in the tavern as a business visitor at the invitation of the defendant and it was the latter's duty to exercise reasonable care for his safety. The jury could find that Owen was in such a condition due to protracted drinking that he had become a nuisance to other customers and was likely to engage in some altercation similar to that which occurred at the time the plaintiff was injured. They could also find that Tarquinio and the bartender knew of Owen's condition and that reasonable regard for the safety of others required either that he be excluded from the tavern or restrained in some manner prior to the assault. There was evidence of the defendant's negligence. See *McFadden* v. *Bancroft Hotel Corp.* 313 Mass. 56; *Fortier* v. *Hibernian Building Association of Boston Highlands,* 315

Mass. 446; *Rawson* v. *Massachusetts Operating Co. Inc.* 328
Mass. 558. Compare *Rich* v. *Boston Elevated Railway*, 316
Mass. 615; *Addison* v. *Green Cafe, Inc.* 323 Mass. 620.

No question of the plaintiff's due care is presented and
the defendant's motion was properly denied.

*Exceptions overruled.*