MAYNARD SWANSON v. THE DUGOUT, INC., AND OTHERS.

98 N. W. (2d) 213.

August 7, 1959—No. 37,680.

*Friedman & Friedman,* for appellant.
*M. J. McKeon,* for respondents.

MURPHY, JUSTICE.

This is an appeal from an order of the District Court of St. Louis County denying the plaintiff's motion for a new trial as to defendants The Dugout, Inc., an on-sale liquor establishment; Sam Rust, its bartender; and the Standard Accident Insurance Company. The complaint sets out two causes of action—the first based upon liability imposed by law for injuries or damages to persons caused by the sale of liquor to an intoxicated person[1] and the second which alleges liability on the part of defendants for injuries resulting from the disorderly conduct of intoxicated persons upon their premises. Default judgment was entered against defendant Herbert Dutcher.

From the record it appears that the defendant corporation operates a bar in the city of Duluth and the Standard Accident Insurance Company has issued to it a bond required by statute and an ordinance of the city of Duluth. On February 24, 1956, at about 5 p. m. the plaintiff, Maynard Swanson, together with his friends, Ralph Dass and William Howard—all ironworkers—entered the defendant's establishment. They visited and drank beer. Sometime between 7:30 and 8:30 p. m. the plaintiff's friend Dass became involved in an argument with another patron, during the course of which a blow was struck. Dass was the aggressor. It was a brief and apparently not a serious encounter, as both parties to the argument immediately made up and continued a friendly relationship. It appears, however, that Dass realized he had had enough to drink and left the premises to go out and eat. The plaintiff and his other friend, William Howard, remained.

Sometime prior to 9 p. m. the defaulting defendant, Herbert Dutcher, entered the premises. He was also an ironworker. Dutcher sat at one end of the bar about 30 or 35 feet away from where plaintiff was seated. It appears that after 9 p. m. the patrons in the bar were watching the fights on television. During the course of this program, Howard was at the other end of the bar and apparently without any warning or preliminaries Dutcher struck him and knocked him to the floor. The plaintiff then walked to the point where his friend Howard

---

[1] M. S. A. 340.12, 340.14, 340.73, 340.95; Duluth Ordinance No. 6830, § 43 (Alcoholic Beverage Code).

was lying on the floor and, as he approached his friend, Dutcher struck him knocking him down and causing the injuries which are the subject of this action. It appears from the record that the assailant Dutcher was known to other ironworkers as a person of vicious propensities. He was reputed to have carried in his fist a "brass knuckle" type of weapon.

■ We have carefully examined the record. Prior to the time of the assault by Dutcher there was no evidence of intoxication or disorderly conduct upon the premises save that caused by the plaintiff's friend Dass. There is no evidence in the record that Dutcher was intoxicated, nor is there any evidence that by his acts or conduct he indicated a disposition to start trouble. It appears from the record that there was bad feeling between Dutcher and the plaintiff. Aside from the fact that the assault occurred in a place where liquor is sold, there is nothing to indicate in the record that the assault was precipitated by the intoxication of any of those present. From all the record indicates, the assault might have happened anywhere these men may have met.

The plaintiff seeks recovery on the theory that the defendant bar owner is liable under the holdings in Windorski v. Doyle, 219 Minn. 402, 18 N. W. (2d) 142; Priewe v. Bartz, 249 Minn. 488, 83 N. W. (2d) 116; and Mastad v. Swedish Brethren, 83 Minn. 40, 85 N. W. 913, 53 L. R. A. 803. These decisions hold that the operator of an establishment where beer and liquor is sold has the duty to see to it that a patron is not injured by vicious and drunken individuals whom he may have permitted to frequent his establishment and that a patron has the right to rely on the belief that he is in an orderly house and that the operator of the premises will exercise reasonable care "to the end that the doings in the house shall be orderly." While the operator of such an establishment is not an insurer of the safety of his patrons, it is recognized that the presence of an intoxicated person upon the premises immediately exposes the proprietor to the hazards of liability resulting from the unpredictable conduct of such person, and when it appears that an intoxicated person might cause a disturbance or harm to other patrons the proprietor is obligated to take affirmative action to require such person to leave the premises.

Aside from the evidence relating to the disorderly conduct of plaintiff's friend Dass, the importance of which seems to be minimized by the plaintiff's version of the case, the record is barren of evidence as to acts or conduct of those upon the premises which would indicate trouble to the bartender in charge of the establishment. While there is evidence that the plaintiff and his friend Howard were drinking beer, there is no evidence of intoxication. The assailant Dutcher was observed to be seated at the bar with a glass or bottle in front of him, but there is no evidence that he was intoxicated or that his conduct preliminary to the unexpected assault upon Howard was in any way disorderly. In view of the complete absence of proof as to the intoxication of any of the participants to the altercation and in view of the absence of any evidence whatever of acts or indications which would give warning of impending trouble, we cannot agree with the plaintiff that the authorities cited by him control. In Sylvester v. Northwestern Hospital, 236 Minn. 384, 53 N. W. (2d) 17; Windorski v. Doyle, *supra*; Priewe v. Bartz, *supra*; and Klingbeil v. Truesdell, 256 Minn. 360, 98 N. W. (2d) 134, the person causing the harm was known to the defendant to be likely to do so because of his intoxication and manifestations of an inclination to fight and to cause trouble. The trial court who heard the testimony in this case stated in his memorandum, "The incident happened so rapidly that the bartender had no opportunity to prevent in any way what occurred."

■ The defendant sought to introduce evidence as to the reputation of the assailant Dutcher. The court properly sustained an objection as to the admissibility of this testimony because of lack of foundation. One of the witnesses for the plaintiff testified that he had previously seen Dutcher under the influence of intoxicating liquor in the defendant's establishment. The plaintiff contends that such evidence would have established knowledge or notice to the defendant of Dutcher's vicious propensities, especially when drunk. The interrogatories of the plaintiff were directed to the general reputation of Dutcher. They were not directed to his reputation for peace and quiet or to any other particular trait of character. There was no testimony in the record that prior to the altercation which resulted in plaintiff's injuries Dutcher had ever conducted himself in a disorderly manner or that he manifest-

ed vicious propensities while a patron on the premises. There is no evidence in the record that the defendant bar owner or its bartender had knowledge of Dutcher's vicious propensities or that his presence on the premises would in any way create a condition which would prove hazardous to other patrons. Under the circumstances we cannot say that, without further foundation as to the fact of Dutcher's intoxication at the time of the assault and notice to the defendant bar owner of his vicious propensities, the court erred in sustaining the objection to questions calling for general reputation.

Affirmed.