James R. Moore, et al., Plaintiff-Appellee, v. John
L. Yearwood, et al., Defendant-Appellant.

Term No. 59–O–5.

Fourth District.

February 5, 1960.

Rehearing denied February 22, 1960.

Released for publication February 23, 1960.

James L. Reed, of Edwardsville (Kenneth F. Kelly, of counsel) for defendant-appellant.

Irving M. Wiseman, of Alton, for James R. Moore, plaintiff-appellee.

JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Madison County in which judgment was entered on a verdict of $3600 in favor of plaintiff, James R. Moore, as against defendant, John L. Yearwood.

The action was brought to recover damages for personal injuries resulting from an assault upon plaintiff by one Albert (Red) Baldwin while both men were patrons in defendant's tavern. Defendant was not present at the time. Other counts of the complaint involving dram shop liability are not involved on this appeal, and the sole issue before us results from the count of the complaint predicated upon the common law action of negligence as against defendant. It is the theory of the defendant in this Court that there is no liability on part of the defendant, the owner and proprietor of the tavern, for the reason that the evidence failed to prove any negligence on the part of the defendant toward plaintiff. Plaintiff concedes that there should be a reversal and remandment for a new trial, but contends that a case was made out as against defendant and under the evidence that the post trial motion was properly denied.

The basic question before us is whether there was any showing of negligence on part of defendant which could be the basis of a recovery.

The facts, as shown by the record, disclose that the plaintiff was not injured by any act of defendant or any employee of defendant, but by an assault made upon him by another patron in the tavern. It is contended by the plaintiff that defendant's bartender was negligent in not anticipating the assault upon the plaintiff by the other party, Red Baldwin, and in not protecting plaintiff from such assault. There was evidence to the effect that, when Baldwin saw that the plaintiff was intoxicated and arguing, that Baldwin asked the bartender if he needed a bouncer and the bartender said, "No. I will take care of it myself." There was some evidence that Baldwin followed the bartender over to the plaintiff and that plaintiff called Baldwin a name and Baldwin then hit him with a beer bottle which caused plaintiff's injuries. The action happened very rapidly and during the period when the bartender had requested that plaintiff leave and was escorting him to the door.

From the record it is difficult to visualize how defendant's agent, the bartender, could have foreseen the sudden action on the part of Albert (Red) Baldwin. There was nothing to indicate that Baldwin would constitute a danger to other patrons of the tavern and there was also no authorization by the bartender to Baldwin to act with him or for him.

██ While it is the duty of the proprietor who invites people to come upon his premises to protect customers from injury caused by misconduct of his own employees and others, this duty would not arise until the danger is apparent or the circumstances are such as to put a prudent person on notice of the probability of danger. The independent act of a third party is a circumstance which defendant, through his

250

agent, would not be bound to anticipate. It is only when such act could reasonably have been anticipated that it becomes defendant's duty to protect the patron involved as against such act (Altepeter v. Virgil State Bank, 345 Ill. App. 585, 603).

 Where the act of a third party is the immediate cause of the injury and is such that, with the exercise of reasonable diligence it could not be anticipated, and where the third party is not under the control of the defendant, defendant would not be liable for the consequences of such independent act (Merlo v. Public Service Co. of Northern Illinois, 381 Ill. 300, 317).

 A careful examination of the record discloses no theory upon which defendant could be guilty, at common law, for the wrongful act of Albert (Red) Baldwin which produced the injury. What we have to say in this case is not intended to effect in any manner the other counts of the complaint not before us, relating to dram shop liability, but is based solely upon the limited principles herein set forth.

We must, therefore, conclude that the Court should have directed a verdict and that the post trial motion thereafter should have been allowed setting aside the verdict and entering judgment in favor of the defendant on said count of the complaint. The cause will, therefore, be reversed and remanded to the Circuit Court of Madison County with directions to proceed in accordance with this opinion.

Reversed and remanded with directions.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.