# RICHARD FILAS AND ANOTHER v. THOMAS DAHER, INDIVIDUALLY AND d.b.a. MR. DAY'S LIQUOR BAR, AND ANOTHER.

218 N. W. 2d 467.

May 17, 1974—No. 44474.

*Daniel A. Utter,* for appellants.
*Syrus S. Kouri,* for respondents.

Heard before Peterson, Todd, and Scott, JJ., and considered and decided by the court.

138

SCOTT, JUSTICE.

Plaintiffs, alleging assault and battery, negligent failure by defendants as proprietors of a tavern to maintain order and control on the premises, and violations by defendants of the Civil Damage Act, Minn. St. 340.95, commenced this action to recover for personal injuries sustained by Richard Filas (plaintiff) on April 23, 1971, at Mr. Day's Liquor Bar. The jury, in a special verdict, assessed plaintiff's damages in the sum of $10,000, and further found plaintiff 25-percent negligent and defendants' employees 75-percent negligent. The court ordered entry of judgment for plaintiff in the sum of $7,500 plus costs. Defendants moved for judgment notwithstanding the verdict and their motion was granted by the court. Plaintiffs appeal from the judgment entered. We affirm.

Plaintiff arrived at Mr. Day's Bar at approximately 7:30 p.m. on the evening of the incident and sat at the center of the bar. He was joined by his brother-in-law, George Anderson, and Anderson's friend, James Ketcham. Walter Hudy, his sons Tom and Gerald, and Tom's wife, Judith, had arrived at various times between 6 and 6:30 p. m., and were seated further down the bar near a pool table. The evidence indicates that Walter laughingly threw Gerald's cigarettes behind the bar. Gerald, thinking that some money on the bar belonged to his father, grabbed two dollars belonging to plaintiff. It is at this point that a substantial conflict in the testimony arises.

Plaintiff testified that Tom Hudy then struck him with his fist and that he returned the blow. They then scuffled and plaintiff was pushed against a table by three of the Hudys. Plaintiff stated that Judith Hudy hit him on the head with a beer bottle while he was restrained against the table. As a result of Judith Hudy's striking him with the empty beer bottle, plaintiff claimed to have suffered headaches, dizziness, and nausea. The lower court stated that plaintiff's version that 7 to 8 minutes elapsed from the time Tom Hudy hit plaintiff until Mrs. Hudy hit plaintiff with the bottle was "inherently improbable." No other wit-

ness testified that this incident lasted more than 1 minute. In fact, George Anderson estimated that it was less than one-half minute before Mrs. Hudy struck plaintiff on the head, and then the bartender immediately moved them outside the bar. He also stated that no one anticipated that Mrs. Hudy would strike anyone.

This court has indicated that the standard used to determine the propriety of an order for judgment notwithstanding the verdict is whether there is any competent evidence reasonably tending to sustain the verdict. Sjodin v. Lund, 277 Minn. 473, 152 N. W. 2d 718 (1967); Peterson v. Minnesota Power and Light Co. 206 Minn. 268, 288 N. W. 588 (1939). The motion accepts the view of the evidence most favorable to the verdict, and admits all inferences reasonably to be drawn from the evidence as well as the credibility of the testimony for the nonmoving party. See, Cofran v. Swanman, 225 Minn. 40, 29 N. W. 2d 448 (1947). Unless this court is able to determine that the evidence is practically conclusive against the verdict or that reasonable minds could reach but one conclusion against the verdict, the order granting the motion for judgment notwithstanding the verdict cannot stand. Campbell v. Siever, 253 Minn. 257, 91 N. W. 2d 474 (1958); Nelson v. Holand, 272 Minn. 522, 139 N. W. 2d 518 (1965).

It has also been established in Minnesota, as well as in other jurisdictions, that tavern keepers are under a duty to exercise reasonable care in maintaining orderly premises for the protection of their patrons. Windorski v. Doyle, 219 Minn. 402, 18 N. W. 2d 142 (1945); Klingbeil v. Truesdell, 256 Minn. 360, 98 N. W. 2d 134 (1959); Swanson v. The Dugout, Inc. 256 Minn. 371, 98 N. W. 2d 213 (1959). See, Annotation, 70 A. L. R. 2d 628.

Applying the standard of these precedents to the present facts leads us to the conclusion that judgment notwithstanding the verdict was the proper result in this case. In Priewe v. Bartz, 249 Minn. 488, 83 N. W. 2d 116, 70 A. L. R. 2d 621 (1957), there were allegations and evidence that the defendant patron, who

struck another with a beer glass, was intoxicated and belligerent, that there was reason to believe he might commit acts which would result in injury to others, and that the defendant waitress failed to take steps to avoid the injury. The evidence further established that the plaintiff failed to leave the premises upon observing the belligerent attitude of the defendant patron toward him. The judgment for the plaintiff was affirmed by this court. Mr. Justice Murphy, the author of the opinion, stated that the operator of a beer establishment is under a duty to exercise reasonable care to protect patrons from injury by vicious or drunken individuals permitted by him to come upon the premises and that questions of negligence and contributory negligence were properly submitted to the jury, whose verdict was supported by ample evidence.

Thus it is proper to submit these factual questions to the jury, and any competent evidence reasonably tending to sustain the verdict will prevent this court from affirming a judgment notwithstanding the verdict. However, in the case before us the facts indicate that the jury's verdict did not have this evidentiary support. In Priewe, this court, after a careful scrutiny of the record, indicated that the defendant patron was obviously intoxicated, and that therefore the defendant proprietor was under a duty to maintain order by taking steps to remove him from the premises. In this case, however, the record fails to show that the Hudys, after spending approximately 1 hour in the bar and having a "couple of beers," had reached the stage of obvious intoxication.

There is case law to the effect that various factors must be considered together before imposing liability upon the tavern keeper for injuries inflicted upon one patron by another. See, Annotation, 70 A. L. R. 2d 628, 656. In Greco v. Sumner Tavern, Inc. 333 Mass. 144, 128 N. E. 2d 788 (1955), the court held that the question of defendant's negligence was properly submitted to the jury, which found for the plaintiff. The evidence in that case indicated that the assailant had been causing trouble in the

tavern throughout the course of the day, that he was in an obnoxious condition due to protracted drinking, and that defendant through its employees knew of the assailant's condition. Another court, however, while ruling that defendant bar owners violated their duty by offering their facilities to a known disorderly person, held that they were not expected to anticipate the unusual and abnormal and awarded judgment in their favor. Schwartz v. Cohen, 204 Misc. 142, 119 N. Y. S. 2d 124 (1953). See, also, Fisher v. Robbins, 78 Wyo. 50, 319 P. 2d 116 (1957).

This court, in Swanson v. The Dugout, Inc. 256 Minn. 371, 98 N. W. 2d 213, upon which defendants most heavily rely, affirmed a judgment for the defendants. There, the plaintiff and other patrons were watching television when another patron suddenly hit plaintiff and knocked him to the floor. No evidence showing that the assailant was intoxicated or that the defendant was aware of any vicious propensities of this patron was introduced. We stated:

"Aside from the evidence relating to the disorderly conduct of plaintiff's friend Dass, the importance of which seems to be minimized by the plaintiff's version of the case, the record is barren of evidence as to acts or conduct of those upon the premises which would indicate trouble to the bartender in charge of the establishment. While there is evidence that the plaintiff and his friend Howard were drinking beer, there is no evidence of intoxication. The assailant Dutcher was observed to be seated at the bar with a glass or bottle in front of him, but there is no evidence that he was intoxicated or that his conduct preliminary to the unexpected assault upon Howard was in any way disorderly. *In view of the complete absence of proof as to the intoxication of any of the participants to the altercation and in view of the absence of any evidence whatever of acts or indications which would give warning of impending trouble, we cannot agree with the plaintiff that the authorities cited by him control.* In Sylvester v. Northwestern Hospital, 236 Minn. 384, 53 N. W. (2d) 17; Windorski v. Doyle, *supra;* Priewe v. Bartz, *supra;* and

Klingbeil v. Truesdell, 256 Minn. 360, 98 N. W. (2d) 134, the person causing the harm was known to the defendant to be likely to do so because of his intoxication and manifestations of an inclination to fight and to cause trouble. The trial court who heard the testimony in this case stated in his memorandum, *'The incident happened so rapidly that the bartender had no opportunity to prevent in any way what occurred.'* " 256 Minn. 374, 98 N. W. 2d 215. (Italics supplied).

In contrast, in Miller v. Stanton, 58 Wash. 2d 879, 365 P. 2d 333 (1961), the court found that the evidence presented a question for the jury as to whether the tavern owners knew or should have known a fight was ensuing in time to have stopped it before plaintiff, patron, was injured.

Finally, the conclusion reached in Moore v. Yearwood, 24 Ill. App. 2d 248, 164 N. E. 2d 215 (1960), is worth noting. There, the court reversed a judgment for plaintiff, stating that there was no indication that the patron who struck plaintiff with a beer bottle would constitute a danger to other patrons of the tavern, and the bartender could not have reasonably foreseen such action on the part of that patron.

From the evidence adduced, it is apparent that the following conclusions are necessitated:

(1)   There was no substantive evidence as to the intoxication of the Hudys so as to forewarn defendant proprietors of possible inflammatory conduct.

(2)   Based upon the testimony of plaintiff's own witness that "no one anticipated" what she was going to do, there was no reason for defendants to foresee the subsequent action of Judith Hudy.

(3)   Defendants cannot be held liable for failing to anticipate unusual or abnormal conduct, into which classification Judith Hudy's conduct must fall.

(4)   Even accepting plaintiff's version of the incident, there was not sufficient warning upon which the defendants might have acted.

In conclusion, it must be noted that by accepting, as proven, each of plaintiff's allegations in this case, we accept that the fight lasted 7 or 8 minutes, that Tom Hudy struck plaintiff first, and that Judith Hudy struck him on the head. Each one of these three material facts is the product of plaintiff's testimony with substantially little corroboration from the other nine witnesses. It is apparent that, even accepting these facts as correct, the jury verdict cannot be upheld.

In light of the rule that a motion for judgment notwithstanding the verdict should be granted where reasonable minds could not differ as to the proper outcome, regardless of where the weight of the evidence is, the order granting the motion is affirmed. See, Fisher v. Edberg, 287 Minn. 105, 176 N. W. 2d 897 (1970).

Affirmed.