BRIAN ROME v. BARRY ROME AND ANOTHER.
ROWLAND MILLARD, APPELLANT.

239 N. W. 2d 232.

February 13, 1976—No. 45444.

*Sahr, Kunert, Tambornino & Soshnik, Roger T. Sahr,* and *Paul Kunert; Farrish, Johnson & Maschka* and *Robert G. Johnson,* for appellant.

*John H. McLoone IV* and *Einer Iversen,* for respondent.

Heard before Otis, Peterson, and Scott, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This is a personal injury action arising out of an automobile accident. The jury, upon special verdict, found defendant Rowland Millard 0 percent negligent, and defendant Barry Rome 100 percent negligent. The trial court ruled that defendant Millard was negligent as a matter of law and granted a new trial on the issue of liability. We reverse and reinstate the verdict.

This case presents the issue of whether an automobile driver is negligent as a matter of law in failing continuously to observe an oncoming car which improperly enters his lane, causing a collision.

The plaintiff was a passenger in a vehicle operated by his brother, defendant Barry Rome. The Rome vehicle collided head-on with defendant Millard's vehicle on Highway No. 14, east of Waseca. Neither Brian nor Barry Rome had any recollection of how the accident happened, and there were no other witnesses. Millard testified that at all times he remained in his proper lane, traveling about 30 miles per hour, and that the Rome vehicle crossed the centerline into Millard's lane of travel. He also testified that he saw the Rome vehicle approaching him on the two-lane highway at a distance of about 300 feet, that it was in its proper lane, and that there was nothing peculiar as to its movements. He then looked to his own side of the road and did not observe the Rome vehicle again until the two vehicles were 50 to

75 feet apart. At that time the Rome vehicle was in Millard's lane. Millard then took evasive action, but was unable to avoid the ensuing collision.

The jury awarded plaintiff $150,000 damages against defendant Barry Rome, which amount was reduced to $139,923.75 pursuant to stipulation of counsel. Upon motion by plaintiff, the trial court ruled that because Millard did not see the Rome vehicle during the 225-foot interval—because he failed to see what was in his plain sight—he was negligent as a matter of law. We disagree.

A driver has a right to assume, until it appears otherwise, that an approaching vehicle will remain in its own lane, or, if it is in an improper lane, that it will return to its proper lane in time to avoid a collision.[1]

In the case at bar, Millard saw the Rome vehicle approaching him when it was 300 feet distant. There were no other vehicles approaching. The question of whether Millard was justified, on the facts of this case, in taking his eyes off of the Rome vehicle for the 1 1/2- to 2-second interval which he did was a question for the jury, and not for the court.

"This court now clearly holds that whether there are circumstances which excuse a failure to see and avoid an approaching vehicle is for the jury. Overly v. Troy Launderers & Cleaners, Inc. 196 Minn. 413, 265 N. W. 268. Whether or not defendant effectively maintained a proper lookout is also a question for the jury." Lapides v. Wagenhals, 285 Minn. 403, 408, 173 N. W. 2d 334, 337 (1969).[2]

[1] Boraas v. Carlson, 267 Minn. 478, 482, 127 N. W. 2d 439, 441 (1964); Ranum v. Swenson, 220 Minn. 170, 174, 19 N. W. 2d 327, 330 (1945); Annotation, 47 A. L. R. 2d 6, 16.

[2] See, also, Hinman v. Gould, 205 Minn. 377, 286 N. W. 364 (1939) (could have seen car which began skidding at 300 feet, saw it in wrong lane at 85 feet, issue of negligence a jury question); Ranum v. Swenson, 220 Minn. 170, 19 N. W. 2d 327 (1945) (saw at 50 to 100 feet, jury question); Kapla v. Lehti, 225 Minn. 325, 30 N. W. 2d 685 (1948) (could have seen at 1,400 feet, saw at 60 feet, jury question); Coble v. Lacey, 252

The trial judge relied upon a line of decisions of this court in support of his ruling that Millard's failure to see the oncoming Rome vehicle, which was in plain sight, was negligence as a matter of law.[3] There is a critical distinction between those cases and the case at bar. In each of those cases, the accident occurred at an intersection. The driver held negligent as a matter of law had failed to see an approaching vehicle which was on a potential collision course with his own and to which he was obligated, under the rules of the road, to yield the right-of-way. There is a significant difference between the case of a driver approaching an intersection who fails to see a vehicle approaching at right angles with the statutory right-of-way, and the case of a driver on a straight highway who sees an approaching vehicle proceeding properly, looks to his own side of the road, remains in his proper lane, and then sees the other car bearing down on him on the wrong side of the highway.[4] In the intersection case, the act of the driver in looking away from the oncoming car may constitute negligence as a matter of law because the vehicles are on a collision course unless one driver yields the right-of-way to the other. Here the lookout issue was a question of fact for the jury and was decided in defendant's favor after the court had in-

---

Minn. 423, 431, 90 N. W. 2d 314, 321 (1958) ("Even though Tina Larson had negligently entered the north lane of the highway upon which Lacey was traveling, he was not relieved from the duty to exercise due care in order to avoid a collision. Whether he exercised the required degree of care is a fact question for the jury * * *."); Boraas v. Carlson, 267 Minn. 478, 127 N. W. 2d 439 (1964); Annotation, 47 A. L. R. 2d 6, 103 to 109.

[3] Moore v. Kujath, 225 Minn. 107, 29 N. W. 2d 883 (1947); Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. 2d 585 (1958); Daugharty v. Anderson, 275 Minn. 371, 147 N. W. 2d 378 (1966); Martin v. Bussert, 292 Minn. 29, 193 N. W. 2d 134 (1971).

[4] See Simchuck v. Fullerton, 299 Minn. 91, 99, 216 N. W. 2d 683, 688 (1974) (driver making left turn who did not see approaching vehicle, which had right-of-way, negligent as a matter of law; question of negligence of driver with right-of-way, who did not see turning vehicle, for the jury).

structed on the plain-sight rule. The order of the district court is reversed and the case is remanded with instructions to enter judgment on the verdict.

Reversed.