Thomas W. SIKES, Appellant,

v.

Deborah GARRETT, Respondent.

No. 47282.

Supreme Court of Minnesota.

Dec. 23, 1977.

Bruce W. Okney, Crystal, for appellant.

Barnett, Ratelle, Hennessy, Vander Vort, Stasel & Herzog, and W. Scott Herzog, Minneapolis, for respondent.

YETKA, Justice.

Plaintiff, Thomas W. Sikes, appeals from judgment entered in the Hennepin County District Court on September 20, 1976, pursuant to the granting of a motion by defendant, Deborah Garrett, for judgment notwithstanding the special verdict. We affirm.

The instant action arises out of an automobile-bicycle collision occurring on September 3, 1973, at the Hennepin Avenue-Groveland intersection in Minneapolis. The record indicates that defendant was operating the automobile in an attempt to enter the southbound Hennepin Avenue lane and was, immediately prior to the collision, stopped at a semaphore at the Hennepin-Groveland intersection. Plaintiff operated his bicycle in an attempt to completely cross Hennepin Avenue to continue eastbound on Groveland Avenue. Both parties were fully familiar with the neighborhood and this particular intersection.

The intersection and the description provided by the parties is somewhat confusing; to minimize this confusion, the following diagram should explain the physical setting:

Defendant's automobile was stopped to await the changing of the semaphore to green and she had turned her right-hand turn signal on. One of the problems with this intersection is that approximately 1 block south, the two southbound Hennepin lanes split to allow an entry from the left lane to Lyndale Avenue and I–94 East, while the right lane simply continues as Hennepin Avenue. It was defendant's intention to enter I–94 East, so it was necessary that she immediately reach the left lane; this is exhibited on the diagram.

Plaintiff approached that same intersection from Douglas Avenue and positioned his bicycle between defendant's automobile and the curb. He estimated that that distance between the car and the curb was 5 to 6 feet wide, while the defendant testified that it was 2 to 3 feet. In either event, as he approached perpendicular to her car and stopped behind the front of the vehicle (at approximately the right rear door), he was not able to observe her turn signal.

Both parties proceeded into the intersection when the light turned green. Defendant testified that she did not see the plaintiff until after the impact, although she did

inspect the intersection before negotiating the right turn. The collision occurred north of the crosswalk when the bicycle was struck by the rear panel of the car.

Plaintiff suffered a fractured right clavicle and introduced evidence of medical expenses of $40, $137, and $161, and a wage loss of $1,200. In addition, the damage to his bicycle was claimed in the amount of $82.42. The record indicates that the injury left no residual or permanent damage.

The matter was submitted to the jury which, by special verdict dated May 21, 1976, found that plaintiff was entitled to recover $4,726, with interest, from defendant. Defendant then moved the court for judgment notwithstanding the verdict upon the bases that the verdict was not justified by the evidence and that the dollar verdict was the obvious result of a compromise and not based upon fact. By order dated June 7, 1976, the court granted defendant's motion, reasoning that it failed to see that plaintiff in any way established that defendant was negligent. Rather, the court seemed to suggest that plaintiff was the negligent party, basing that conclusion on plaintiff's failure to position his bicycle in such a manner that he could see the turn signal or that he could be seen by defendant. The court stated:

" * * * Her [defendant] position on the roadway close to the curb should have suggested to him that she was going to make a right turn, and the Plaintiff was extremely negligent in proceeding straight ahead without taking proper precautions to protect himself in the event that she did make a right turn."

■ A motion for judgment notwithstanding the verdict admits every inference reasonably to be drawn from the evidence and should be granted only when there is no competent evidence reasonably tending to sustain the verdict. *Seidl v. Trollhaugen, Inc.*, 305 Minn. 506, 232 N.W.2d 236 (1975); *Filas v. Daher*, 300 Minn. 137, 218 N.W.2d 467 (1974). Required is a review of the entire evidence. *Kleven v. Geigy Agricultural Chemicals*, 303 Minn. 320, 227 N.W.2d 566 (1975).

The record indicates that defendant had stopped and was in a proper position for a right turn; in addition, she asserted that she had engaged her turn signal. Plaintiff was not able to refute the statement. Finally, defendant had satisfied all the statutory prerequisites to making a right turn, including speed and lookout.

■ It would appear that plaintiff created the dangerous situation by his own actions. Minn.St. 169.221, subd. 1, specifically states that all traffic laws apply to the operation of bicycles upon city streets. Therefore, in the first instance, plaintiff was not legally entitled to position his bicycle between defendant's car and the curb. Had he approached from the rear, he would have noticed the turn signal and that there was not a proper "lane space" between the vehicle and the curb.

In addition, once he determined to so position the bicycle, without an obvious view of the turn signal, he should have, as noted by the trial court, taken adequate steps to ascertain the path of the car.

Finally, he positioned himself in such a manner as to make defendant's view impossible. Rather than stopping directly parallel to the automobile, he stayed about one-half the distance from the front of the car, in the "blind spot." Defendant's reasonable lookout did not allow her view of plaintiff.

The record as a whole clearly demonstrates the impropriety of the jury verdict. The trial court was correct in granting the motion for judgment notwithstanding the verdict in that plaintiff failed to establish the defendant's negligence by either affirmative evidence or by an implication from the facts. Even were we to assume that defendant was negligent to a degree in failing to observe plaintiff, the court was justified in finding that plaintiff's negligence was greater than that of defendant under the circumstances of this case and therefore was not entitled to the verdict.

■ The trial court provided the jury with common-law and statutory highway regulations, including specifically § 169.18, subd. 4, dealing with passing on the right,

and § 169.19, subd. 1(1), dealing with right-hand turns. Apparently plaintiff now inappropriately challenges the instruction with regard to § 169.19; he failed to object at the time of instruction and may not now raise the issue that the statute does not apply to this "unusual right turn situation."

Affirmed.

SCOTT, Justice (dissenting).

While the evidence supports the finding that the plaintiff was negligent in either placing his bicycle where he did or in failing to keep a proper lookout for his own safety, the evidence also supports the jury's finding that the defendant failed to use the reasonable care which a reasonable person should exercise under like circumstances. In fact, defendant admitted that she did not have her mind on driving at the time of the accident, and it was not conclusively established that plaintiff was in a "blind spot" which precluded defendant from observing him by the exercise of reasonable care.

Upon rehearing, we stated in *Riley v. Lake*, 295 Minn. 43, 58, 203 N.W.2d 331, 340 (1972):

"At best it would seem that, unless the evidence is so conclusive that reasonable minds can come to only one conclusion, the question of the apportionment of causal negligence should be left to the jury. We are dealing with a new concept of negligence with which this court has had little experience. Under our former contributory negligence law, defendant would be entitled to a directed verdict under the evidence in this case. Under comparative negligence, the question is: How do we treat apportionment of negligence of the respective parties where it appears that one of the parties was guilty of negligence as a matter of law? On rehearing by the court en banc, we have concluded that, except in those rare cases where there is no dispute in the evidence and the factfinder could come to only [one] conclusion, the apportionment of negligence should be left to the jury."

Therefore, where there is sufficient evidence to support a jury finding that both parties are negligent, we should not disturb the jury's apportionment of negligence. *Steinhaus v. Adamson*, 304 Minn. 14, 20, 228 N.W.2d 865, 869 (1975).

In the case at hand, the jury had sufficient evidence upon which to find both parties negligent, and its apportionment of 85 percent of the negligence to defendant should be allowed to stand.

I respectfully dissent and would reverse and reinstate the jury's verdict.

SHERAN, Chief Justice (dissenting).
I agree with the dissent.

OTIS, J., took no part in the consideration or decision of this case.