Lloyd VELD, et al., Respondents (C2–84–977), Appellants (C7–84–988),

v.

Neil Willard STEFFL, David Steffl, Appellants (C2–84–977), Respondents (C7–84–988),

Janice Veld, Defendant,

Jay Klein, as Special Administrator of the Estate of Harry Klosterboer, decedent, Respondent.

Nos. C2–84–977, C7–84–988.

Court of Appeals of Minnesota.

March 5, 1985.

David R. VonHoltum, VonHoltum, Hand, Malters & Shepard, Worthington, for Veld.

William F. Davern, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for Steffl.

Marvin E. Lundquist, Lundquist, Reitan & Lundquist, Mankato, for Klein.

Heard, considered and decided by the court en banc, consisting of POPOVICH, C.J., and PARKER, WOZNIAK, LANSING, HUSPENI, LESLIE and RANDALL, JJ.

## OPINION

LESLIE, Judge.

Plaintiffs began this action for personal injuries suffered in a three-car automobile accident. Only the issue of liability was

tried. The jury found defendant Neil Steffl 92% negligent and defendant Klosterboer 8% negligent. The trial court granted Klosterboer's motion for judgment notwithstanding the verdict, finding that Steffl alone was negligent. We reverse and order judgment entered in accordance with the jury's verdict.

## FACTS

The accident occurred on June 16, 1978 at 1:30 p.m. on Minnesota Highway 91, several miles south of Chandler, Minnesota. The day was sunny, the pavement dry, and the visibility good. Janice Veld, her husband, and their two children had left their home near Chandler and were traveling south on Highway 91 toward the home of Mr. Veld's father. Neil Steffl had left his brother's home in Lake Wilson, Minnesota and was also traveling south on Highway 91. Harry Klosterboer was traveling north on Highway 91.

The night before the accident Neil Steffl attended a community celebration in Lake Wilson. He was drinking very late that night and his blood alcohol content at the time of the accident was still .20 percent. Steffl's memory of the accident is hazy. Veld and her family were severely injured and have no recollection of the facts of the accident. Klosterboer was killed in the accident. Thus, the paths of the vehicles before and after the impact, the speed of the vehicles, and the points of impact could only be established by circumstantial evidence. Most of this evidence was introduced through plaintiffs' reconstruction expert, relying on the experienced investigating officer's reports, photos of the accident site and vehicles, and a review of the scene after the accident.

The circumstantial evidence supported the Velds' theory of the case. As Steffl was driving south, he pulled out to pass the Velds' Plymouth Duster and saw Klosterboer's Chevrolet oncoming. Steffl slammed on his brakes and turned his car back into the southbound lane. Steffl was unable to slow down enough to avoid the Veld Duster and the front left corner of his car struck the rear right corner of the Duster. Steffl's car continued on to the southbound lane shoulder and into the ditch. Janice Veld lost control of the Duster as it was pushed forward and across into the northbound lane where it collided head-on with Klosterboer's Chevrolet. Both the Chevrolet and the Duster came to rest at about the point of impact. The Chevrolet still had at least three if not all four wheels in the northbound lane.

## ISSUE

Did the trial court err in granting a judgment notwithstanding the verdict?

## ANALYSIS

■ When deciding a motion for judgment n.o.v., a trial court should accept the view of the evidence most favorable to the verdict and draw all inferences reasonably supported by that evidence. *Filas v. Daher*, 300 Minn. 137, 139, 218 N.W.2d 467, 469 (1974). Only if no competent evidence reasonably supports the verdict should the motion be granted. *Conover v. Northern States Power Co.*, 313 N.W.2d 397, 401 (Minn.1981).

■ Appellants claim that the evidence supports several inferences that Klosterboer negligently contributed to cause the accident. Respondent administrator for Klosterboer's estate contends none of those inferences is reasonably supported by the evidence. We need not discuss each inference because the law requires only one reasonable inference.

The accident reconstruction expert, Myron Lofgren, estimated the speeds of the three vehicles at several critical moments before and between the two collisions. He estimated that Klosterboer was traveling at 54 to 56 miles per hour when he began braking. From this estimate and others Lofgren calculated that Klosterboer began braking about ¾ of a second after Steffl's car struck the Veld's Chevrolet, the "first collision." Lofgren indicated that ¾ of a second is the average time in which persons are able to react.

Although this evidence alone does not support the jury's verdict, tire marks from Steffl's car in the northbound lane showed Steffl recognized and reacted to the emergency one second before the first collision and one and ¾ seconds before Klosterboer reacted. From this evidence the jury could reasonably infer that Steffl's vehicle was in the northbound lane creating the emergency situation two to three seconds before Steffl began braking and 3¾ to 4¾ seconds before Klosterboer began braking. Viewing the evidence in this light, the jury may have concluded that Klosterboer was negligent in not braking earlier or driving into the gently sloping shoulder and ditch to his right.

We recognize that the jury's verdict holds Klosterboer partially responsible for an accident resulting from an emergency not of his making. The Minnesota Supreme Court has long accepted such holdings:

> In numerous of our decisions we have held that the driver of an automobile on his own right side of the road must exercise due care to avoid collisions with other vehicles, even with those on his side of the road, and that, while he may assume that an approaching vehicle on his side of the road will turn and get on its right side, he will not be permitted to act on the assumption where the factual basis for it has disappeared, as, for example, where it becomes apparent that the driver on the wrong side of the street either will not or cannot turn back to his right side.
>
> \*   \*   \*   \*   \*   \*
>
> The rule is that it is the duty of the driver of an automobile on the right side of the road meeting another automobile on the same side to exercise due care to avoid a collision.

*Kapla v. Lehti*, 225 Minn. 325, 334–35, 30 N.W.2d 685, 691 (1948). *See Coble v. Lacey*, 252 Minn. 423, 431, 90 N.W.2d 314, 320–21 (1958). *Cf. Boraas v. Carlson*, 267 Minn. 478, 482, 127 N.W.2d 439, 441–42 (1964). Whether a driver met the duty is a question of fact. *Rome v. Rome*, 307 Minn. 207, 209, 239 N.W.2d 232, 233 (1976); *Kapla v. Lehti*, 225 Minn. at 335, 30 N.W.2d at 691; *Hinman v. Gould*, 205 Minn. 377, 381, 286 N.W. 364, 366 (1939).

The trial court correctly submitted the question of Klosterboer's negligence to the jury. Despite evidence that Steffl's negligence placed all parties in jeopardy, reasonable people could still disagree whether Klosterboer negligently contributed by failing to avoid or diminish the consequences of the accident. Consistent with the evidence, the jury's verdict assigned 92% of the comparative negligence to Steffl, and only 8% to Klosterboer. In view of the deference given to jury findings, *Bray v. Chicago, Rhode Island & Pacific Railroad*, 305 Minn. 31, 36, 232 N.W.2d 97, 100 (1975), we uphold this jury's findings.

## DECISION

We hold the trial court erred by granting the motion for judgment n.o.v.

Reversed.

POPOVICH, C.J., and WOZNIAK and LANSING, JJ., dissent.

WOZNIAK, Judge, dissenting.

I respectfully dissent.

This case is governed by *Cook v. Person*, 246 Minn. 119, 74 N.W.2d 389 (1956), and *Nash v. Christenson*, 241 Minn. 164, 62 N.W.2d 800 (1954). The trial court properly ruled as a matter of law to grant the motion for judgment notwithstanding the verdict.

In *Cook*, the supreme court affirmed a judgment n.o.v. under strikingly similar facts. Lund was driving in his own lane at 45 to 50 miles per hour. Apparently he was 125 feet from an oncoming car when it suddenly pulled out of the lane and turned directly into Lund's lane. Lund testified he was not aware in time to respond before the other car was directly on top of him. Other evidence indicated, however, that the oncoming vehicle turned into Lund's lane as much as 200 to 300 feet before impact. Tire marks showed that he had applied his

brakes for 50 feet before the impact and had attempted to turn onto the shoulder.

The jury determined that the oncoming driver *and* Lund were negligent. The trial court set the verdict aside insofar as it related to Lund. The issue was clearly framed for appeal:

> The principal issue for determination here is whether, under the circumstances described, a speed of 45 to 50 miles per hour admitted to by Gordon Lund presented a fact issue as to his negligence, and if such negligence were established, whether it was a proximate cause of the accident.

*Cook,* 246 Minn. 122, 74 N.W.2d at 391.

The supreme court ruled that the speed of Lund's car was not a cause in fact of the accident.

Moreover, and importantly here, the court dealt with the contention that Lund had a duty to take precautionary measures when he first saw the oncoming car in his lane.

> We do not find merit in this contention. Until the contrary appeared, Lund had a right to assume that vehicles using the highway and approaching him from the opposite direction would remain in their proper lane. Stedman v. Norlin, 243 Minn. 389, 68 N.W.2d 393. In the seconds remaining between the time [the oncoming driver] turned into his lane and the impact, he managed to apply his brakes for a distance of from 40 to 50 feet, and some testimony suggests he also may have attempted to turn toward the south shoulder of the pavement. We are of the opinion that, in the emergency thus created by [the oncoming driver], Lund acted as any reasonably prudent person would react under the circumstances. Johnson v. Townsend, 195 Minn. 107, 261 N.W. 859.

*Cook,* 246 Minn. 123, 124, 74 N.W.2d at 392.

Essentially, this reiterates the holding in *Nash.* In *Nash* the supreme court upheld a directed verdict in favor of the plaintiff who was northbound when struck by a vehicle pulling out of the southbound lane

to pass. The court considered whether "the jury well could have found that in the exercise of due care plaintiff should have slowed down or turned out or otherwise guarded against the potential happening of the accident under the circumstances." *Nash,* 241 Minn. 168, 62 N.W.2d at 802. The court had little difficulty in concluding:

> While it is true that plaintiff did have a clear view of the situation, reasonable men could not differ on the proposition that plaintiff could not have had notice of any developing dangerous situation until it was too late to do anything about it. At all times until the occurrence of the accident, plaintiff was on his own side of the road and was driving at a speed of from 45 to 50 miles per hour.

*Id.,* 62 N.W.2d at 802–803.

As in *Cook* and *Nash,* we view the evidence in the light most favorable to the verdict. Even so, there is nothing to suggest that Klosterboer acted differently than a prudent driver.

The adverse expert estimated Klosterboer's speed prior to skidding at 51 to 56 miles per hour. This was within the speed limit and reasonable on a dry sunny day. In contrast, the same expert estimated Steffl's speed to be "at a minimum" 66 miles per hour before skidding. Steffl rear-ended Veld, sending that vehicle into Klosterboer's lane at 59 miles per hour. Klosterboer's speed was not a factor in causing this accident. Liability cannot be extended to Klosterboer in this situation unless he could have anticipated that his driving would have resulted in injury to others.

> Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow.

*Christianson v. Chicago, St.P. M. & O. Ry. Co.,* 67 Minn. 94, 97, 69 N.W. 640, 641

(1896) (quoted with approval in *Cook,* 246 Minn. 122, 74 N.W.2d at 391).

Klosterboer's pre-accident conduct closely resembled that of the non-negligent parties in *Cook* and *Nash.* In each case the innocent party was travelling a highway in his own lane at about 50 miles per hour. An oncoming driver pulled out of the opposite lane instantaneously to create an emergency. In each case the innocent driver had just a few seconds to react, applied his brakes, and skidded about 50 feet. Both *Cook* and *Nash* ruled that the innocent driver was not liable as a matter of law. The same result should attain here.

Yet it is contended that Klosterboer was negligent in his reaction to the development of the accident. Appellants maintain that Klosterboer should have reacted as soon as the Steffl vehicle nosed into the northbound lane. It is noteworthy that the jury had absolutely no evidence concerning how long the Steffl vehicle might have been in Klosterboer's lane before it veered back to its side of the centerline. The adverse expert was not able to reconstruct some important evidence.

The adverse expert testified to a split second time frame that closely resembled the events in both *Cook* and *Nash.* The Steffl vehicle skidded for about one second in Klosterboer's lane as it swerved into the rear of Veld's vehicle. One and one-half seconds later, Veld collided head-on with Klosterboer. It is not as though Klosterboer either failed or refused to react. Fifty feet of skidmarks showed that he reacted to the accident, in the opinion of the adverse expert, at the time that Steffl rear-ended Veld. Even if Klosterboer were able to react sooner—a proposition for which there has been argument but not evidence—no facts showed that the accident could have been avoided or its effects mitigated. In *Cook,* the court ruled that three seconds was not sufficient for the innocent driver to react. Therefore, we must agree with the trial court and with *Cook* and *Nash* that the innocent driver did everything he could "until it was too late to do anything about it."

The quality of the evidence impugning Klosterboer was low. Sometimes circumstantial evidence, like a clean fingerprint, can have great definition. Here the circumstantial evidence was conjectural. Three experts reconstructed the accident and reached different conclusions. We are obliged, because of our standard of review, to believe only the expert who testified adversely to Klosterboer. His conclusions rested mainly on the placement of skidmarks and on the weights of the involved vehicles. Cross-examination revealed that he used the incorrect weight for the Veld vehicle. Certain information cannot be deduced from such scanty data. The trial court was sensitive to this. In entering judgment n.o.v., the court accepted the reconstruction testimony of the adverse expert as accurate, but also noted:

> In the opinion of the court [the accident reconstruction] is not a reasonable conclusion because of the numerous variables and assumptions on which it was admittedly based.

In this sense, the trial court had more right to void the verdict than in both *Cook* and *Nash* where the verdicts rested on direct as well as circumstantial evidence. In view of the conjectural adverse testimony and the rule established by *Cook* and *Nash,* reasonable minds could not differ on finding Klosterboer not negligent. *See Hagsten v. Simberg,* 232 Minn. 160, 44 N.W.2d 611 (1950).

To assess any degree of negligence against a driver who is proceeding in his rightful lane of travel, who has the right to assume an approaching car will not only remain in its own lane, or if in an improper lane, that it will return to its proper lane to avoid a collision when faced with a suddenly emerging automobile in his lane of traffic and 1.6 seconds to analyze and react, would be unreasonable and a grave injustice, and based on pure speculation.

It would be even more unreasonable to find evidence of any kind to support a conclusion that Klosterboer's conduct was a proximate cause of the accident.

As unequivocally stated in *Cook:*

Even accepting the testimony of those witnesses most adverse to his cause as to the distance between the cars when the Person car first turned into his lane, *he was left only about three seconds to determine his course. It is obvious therefrom that this sudden and unexpected action on the part of Person would have resulted in the collision, even had Lund been then traveling at a speed substantially less than that conceded.*

*Cook,* 246 Minn. 123, 74 N.W.2d 391–392 (emphasis added).

Not every case compels adherence to the jury finding where the uncontroverted facts are to the contrary, and this is such a case.

POPOVICH, Chief Judge (dissenting).

I concur in the dissent of Judge Wozniak.

LANSING, Judge (dissenting).

I concur in the dissent of Judge Wozniak.