**Alan R. MIX, Appellant,**

v.

**MTD PRODUCTS, INC., Respondent.**

No. C5–86–153.

Court of Appeals of Minnesota.

Sept. 9, 1986.

Eric J. Olsen, Nell E. Mathews, Fred Burstein & Associates, Minneapolis, for appellant.

James A. O'Neal, Faegre & Benson, Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ.

### OPINION

LANSING, Judge.

The jury in this personal injury action returned a verdict finding that respondent MTD Products, manufacturers of a riding lawn mower, negligently failed to warn of the dangers involved in the mower's operation. The trial court granted MTD's motion for judgment notwithstanding the verdict, ruling that Mix was more negligent than MTD. We affirm.

### FACTS

Alan Mix was injured in May 1979 while operating a riding lawn mower manufactured by MTD. Mix was riding the mower when it stopped and would not move. This malfunction had occurred before, and Mix had resolved the problem by shutting off the engine, finding the engine belt, and slipping it back on the transmission pulley which turns the rear wheels of the mower.

This time, Mix decided to slip the belt back onto the pulley while the engine was still running. He positioned himself at the back of the mower and reached underneath into the engine area. He could see neither his hand nor the pulley from this position. As he slipped the belt onto the pulley, he exerted sufficient tension on the belt to engage the drive pulley, which started the belt turning. Mix's hand was pulled between the belt and the transmission pulley, amputating three of his fingers.

Mix had read the owner's manual after purchasing the mower. Included in the manual was the following instruction:

NEVER place hands or feet under mower or near discharge chute while engine is running.

Mix had been employed as a car mechanic and also worked in the parts departments of several companies that manufactured farm equipment and engines.

Mix commenced this action alleging that MTD negligently failed to warn that he could be injured by slipping the belt onto the pulley while the engine was running. He also alleged strict liability arising from the design and testing of the mower.

The jury concluded that the mower was not in a defective condition unreasonably dangerous to the user when it left the control of MTD. However, it found MTD was negligent by failing to warn Mix of dangers involved in the use of the product and attributed 60 percent of the fault to MTD and 40 percent to Mix. The jury set damages at $55,000.

MTD moved for judgment notwithstanding the verdict or a new trial. The trial court granted the motion for JNOV, ruling that the evidence did not sustain the jury's finding that MTD's negligence was greater than Mix's. The court ruled alternately that MTD could not be found negligent under a failure-to-warn theory because MTD had no duty to warn of obvious dangers. Mix appeals from the judgment.[1]

## ISSUE

Did the trial court err in granting judgment notwithstanding the verdict?

## ANALYSIS

Judgment notwithstanding the verdict may be granted only when "the evidence is so overwhelming on one side that reasonable minds cannot differ as to the proper outcome." *Lamb v. Jordan*, 333 N.W.2d 852, 855 (Minn.1983). A trial court may grant JNOV on a jury's apportionment of fault if the evidence compels a finding that one party's negligence was greater than that of the other party. *See Sikes v. Garrett*, 262 N.W.2d 681, 683 (Minn.1977); *Sowles v. Urschel Laboratories, Inc.*, 595 F.2d 1361, 1366 n. 2 (8th Cir.1979) (applying Minnesota law).

The jury found MTD's negligence arose from a deficient warning on the operation of the drive pulley system. Mix did not dispute that MTD had warned users never to place their hands under the mower with the engine running. He knew the drive pulley was turning whenever the engine was running and when the idle pulley put tension on the belt the transmission pulley would turn. He admitted he could not see his hands or the pulley when he attempted to replace the belt on the transmission pulley, that placing his hands under the mower while it was running was not a good safety practice, and on all prior occasions he shut off the engine before replacing the belt.

The trial court weighed MTD's unequivocal warning and Mix's admittedly unsafe conduct. The court also considered and correctly ruled that a manufacturer of a product has no duty to warn of dangers that are obvious to anyone using the product. *Westerberg v. School District No.*

---

**1.** The trial court also conditionally granted a new trial if the JNOV were reversed on appeal. Mix did not appeal from the conditional grant of the new trial in his notice of appeal. *See* Minn.R.Civ.App.P. 103.03(d). Because we af-firm the JNOV, we do not decide the reviewability of the order conditionally granting the new trial. *See generally* 3 Magnuson, Herr & Haydock, *Minnesota Practice* § 103.17, at 52 (1985).

*792, Todd County,* 276 Minn. 1, 8, 10, 148 N.W.2d 312, 316, 317 (1967); *Peppin v. W.H. Brady Co.,* 372 N.W.2d 369, 375 (Minn.Ct.App.1985).[2]

We agree with the trial court that attempting to reattach a belt while a drive pulley is running, when the user cannot see his hand or the pulley, presents an obvious danger of which a user need not be warned. Mix argues that the drive system was a "hidden trap." He testified that he assumed, as long as the engine was in neutral, the drive system would not engage, even with the engine running. This argument demonstrates only that Mix, perhaps as a result of his mechanical experience, permitted his mechanical knowledge to interfere with the prudence an ordinary user would reasonably display.

On prior occasions the danger was sufficiently obvious to prompt Mix to shut off the engine before replacing the belt. Repeated instances of the belt slipping off the pulley did not make the danger less obvious or transform it into a "hidden trap." The trial court did not err in granting judgment notwithstanding the verdict.

### DECISION

Affirmed.

See also 358 N.W.2d 657.

---

**2.** *Holm v. Sponco Manufacturing, Inc.,* 324 N.W.2d 207, 212 (Minn.1982), held that a product design challenged as defective must be evaluated under a reasonable care balancing test, with obviousness of the danger simply a factor in the balance. *Holm* does not apply to negligent failure to warn cases. *See also Hauenstein v. Loctite Corp.,* 347 N.W.2d 272 (Minn.1984).